Gus BANKS, Employee, Plaintiff-Respondent,

v.

KREY PACKING COMPANY, Employer, Defendant-Appellant.

No. 34069.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

R. C. Reis, St. Louis, for defendant-appellant.

Harry J. Nichols, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Krey Packing Company, employer and self-insurer, appeals from a judgment of the Circuit Court affirming an award of the Industrial Commission in favor of the employee. The Industrial Commission award was thirty-five per cent permanent, partial disability of the man as a whole as a result of chronic brucellosis. We affirm.

Employee was a "gutsnatcher" employed by Krey. In such position he is required to remove the entrails of hogs. This is done without gloves and sometimes results in nicks and scratches from bones. Brucellosis is a disease transmitted by pigs, among other animals. Although at one time quite common among the general populace, it has decreased substantially since the compulsory pasteurization of milk, and now is found rarely except in veterinarians, packing house workers, and farmers. Employer does not premise any error on the Commission finding that brucellosis is an occupational disease and the evidence clearly warrants that finding.

The two errors claimed are that no evidence supports the findings of permanent, partial disability from brucellosis and of $52.50 in additional medical aid.

■ It is clear from the evidence, and even employer's doctor agreed that employee was sick with brucellosis in 1963, 1964 and 1966. He was treated in the hospital and at the plant dispensary by employer for that disease and on three occasions pronounced "cured" by the company doctor. Employer contends that after 1966 (when he was last treated for brucellosis by the company doctor) and until the hearing there was no evidence that he still had brucellosis or would have it permanently. Employee testified to periodic continuation of the symptoms to the time of hearing.

Employee's medical witnesses testified at length concerning the nature of brucellosis. It is a disease difficult to diagnose. After originally contracting the disease it is possible for it to reoccur in some people and for those people to show negative blood tests for the disease. In certain individuals the disease has the same tendency as syphilis and malaria to reoccur, respond to treatment and then reoccur. Both of employee's medical witnesses testified in answer to hypothetical questions that employee has chronic brucellosis which resulted from his employment. Employee and his family doctor testified to the presence of brucellosis symptoms shortly before the hearing. The employee's medical witnesses testified that the disease was chronic and one of them, the family doctor, testified the condition was permanent. He also rated the disability at thirty-five per cent of the man. This was substantial evidence sufficient to support the Commission award.

■ Employee's evidence showed that he had gone to his own doctor for treatment on seven occasions after the first hearing before the Referee, and before the second hearing. The doctor's charges were $7.50 per visit or $52.50. The symptoms complained of were the same as those the doctors had testified evidenced brucellosis. Employer denied that employee had brucellosis during this period and the only treatment employer furnished was the taking of blood tests. This is substantial evidence to support the medical treatment award.

Employee's motion for assessment of penalties for vexatious appeal is denied. Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the Court, is adopted as the opinion

of this Court. Accordingly, employee's motion for assessment of penalties for vexatious appeal is denied. Judgment affirmed.

BRADY, C. J., DOWD, J., and VERNON W. MEYER, Special Judge, concur.