No. 12402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE ANACONDA COMPANY,
a Montana Corporation,

Petitioner,

-vs-

THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF
SILVER BOW, and THE HONORABLE JOHN B. McCLERNAN,
a Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Douglas D. Dasinger argued, Bozeman, Montana.
James A. Robischon, Butte, Montana.

For Respondents:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana.
Thomas F. Joyce argued, Butte, Montana.
A. G. Shone, Butte, Montana.

---

Submitted: November 29, 1972

Decided: JAN 3 1 1973

Filed: JAN 3 1 1973

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding commenced by the Anaconda Company. It is seeking a writ of supervisory control over the district court of Silver Bow County, the Hon. John B. McClernan presiding. The petition for the writ alleges Judge McClernan acted contrary to the laws of Montana in overruling petitioner's request for summary judgment.

The petition is based upon the following facts. The Anaconda Company is the defendant in a lawsuit filed by Charles Marchlik. Mr. Marchlik complains that:

> "Plaintiff was employed by defendant as a miner and from August 26, 1969 to November 7, 1969, plaintiff worked underground on the 4,000, 4100, and 4400 foot levels and while so working he necessarily came into close contact with extreme heat, gas, metallic and nonmetallic substances, sulphur and copper dust compounds impregnated with silicon particles and other injurious substances caused through the negligent operations of defendant and arising out of and in the course of plaintiff's employment. Plaintiff was exposed to and forced to inhale and breath (sic) in said injurious substances with the result that he became <u>diseased</u>, sick, <u>poisoned</u>, and his internal organs, particularly his lungs, were affected and weakened so as to cause, and it did cause, <u>plaintiff to suffer with a disease or condition as the proximate result of the negligence</u> of defendant, so that on November 7, 1969 he became totally disabled and incapacitated from work of any kind." (Emphasis added).

A motion to dismiss for failure to state a claim upon which relief could be granted was made by the petitioner. Its support for the motion was the assertion both parties were bound by the Workmen's Compensation Act and the Occupational Disease Act, which provided an exclusive remedy for the plaintiff. The motion was overruled. A motion for summary judgment was then made alleging essentially the same grounds. Again the motion was overruled resulting in this original proceeding.

The position of the petitioner in this Court is the same

as it advanced in the district court, that the lawsuit is barred by the terms of the Workmen's Compensation Act and the Occupational Disease Act. The Workmen's Compensation Act in section 92-204, R.C.M. 1947, provides:

> "Where both employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and the servants, and employees of such employer and such employee, as among themselves, of their right to any other method, form or kind of compensation, or determination thereof * * * or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee * * *."

The Occupational Disease Act in section 92-1308, R.C.M. 1947, provides:

> "The right to recover compensation pursuant to the provisions of this act for occupational diseases sustained by an employee and arising out of and in the course of his employment, whether resulting in death, or not, <u>shall be the exclusive remedy therefor against the employer electing to be bound by and subject to this act</u>, except as to such employees as shall reject this act as provided herein." (Emphasis added).

The petitioner further points out, that the claim now being prosecuted in the lawsuit has been presented to the Industrial Accident Board and disposed of. As the result of a hearing held in Butte, Montana, on December 17, 1970, the Board in an order dated February 24, 1971, held:

> "That Charles Marchlik, the claimant herein, has not sustained the burden of proof in establishing an industrial injury within the meaning of the Workmen's Compensation Act nor an occupational disease within the meaning of that Act, and therefore, his claim for benefits must be denied."

The basis for the ruling insofar as the claim for benefits resulting from silicosis appears to be the statement of the hearing officer for the Board, Mr. Carden, who referred to the number of shifts worked by Marchlik as being 368.042 shifts

- 3 -

and then said:

> "That seems to preclude immediately the possi-
> bility of any recovery under the Occupational
> Disease Act, irregardless of what his medical
> findings are. * * * Claim has to be presented
> within a certain period of time, must establish
> silicosis, and must have worked the minimum
> number of shifts, so unless you have anything
> else, it would seem to me we should pursue then
> the claim that he has filed for benefits under
> the Workemn's Compensation Act."

Counsel for the claimant then remarked: "Very well."

It is argued by the respondent that because of this
ruling by the Industrial Accident Board, Marchlik was an employee
not covered by the Occupational Disease Act, therefore he may
maintain his lawsuit against the petitioner. As authority for
that proposition, respondent cites section 92-1331, R.C.M. 1947,
which reads:

> "There shall be no common-law right of action
> for damage from occupational disease against an
> employer who elects to come under the provisions
> of this act, excepting for those employees not
> eligible for compensation under the terms of this
> act, or who reject coverage of this act." (Emphasis
> added).

The issue before this Court is to determine whether the
claim presented in Marchlik's complaint is covered under terms
of the Occupational Disease Act and whether Marchlik is an
employee excluded from coverage of the act by section 92-1331,
R.C.M. 1947. The facts of the case show both parties elected
to come under the Act. Marchlik's election came about by his
submission of a claim to the Industrial Accident Board as hereto-
fore recited.

Boiling the complaint down to its basic elements and
taking the statements made by counsel for respondent in oral
argument, Marchlik is claiming he was poisoned by sulphur and
copper compounds and contacted silicosis while working for the
Anaconda Company. The poisoning by the sulphur and copper

- 4 -

compounds and the silicosis are specifically covered by the Occupational Disease Act in section 92-1304, R.C.M. 1947, before its amendment in 1971:

> "The following diseases only shall be termed occupational diseases.
>
> "1.  Silicosis
>
> "2.  Poisoning by
>
> "* * *
>
>> "(1)  Sulphur or its compounds.
>>
>> "(m)  Copper or its compounds."

Therefore the claim presented by Marchlik is covered by the terms of the Occupational Disease Act.  The result of this is that if Marchlik is an eligible employee to receive benefits of the Act he cannot maintain his lawsuit.  As pointed out earlier under section 92-1308, R.C.M. 1947, this Act is the exclusive remedy for an employee whose employer has elected to be covered by the Act.

This is the first opportunity this Court has/had to construe the effect of section 92-1331, R.C.M. 1947.  The section was discussed in a suit arising in Montana in the Federal Court. The result of that suit was to allow a workman to sue his employer on the basis he was an employee excluded under the terms of section 92-1331, R.C.M. 1947.  The critical fact in that case was that the employer had chosen not to elect one of three plans of the Act.  Summer v. Victor Chemical Works, 298 F.2d 66, (9th Cir. 1961).  Under the terms of the Act all employers who are subject to the Workmen's Compensation Act will be subject to the Occupational Disease Act.

Section 92-1307, R.C.M. 1947, states:

> "This act shall apply to and only to, all employers and employees who now are or hereafter will be subject to the provisions of the Workmen's Compensation Act of the state of Montana. * * *"

- 5 -

To be subject to the Workmen's Compensation Act an employer engaged in a hazardous occupation must make an election of one of three plans or lose his common law defenses. Section 92-207, R.C.M. 1947. Section 92-303, R.C.M. 1947, would include copper mining within the definition of a hazardous employment. The record here shows that the Anaconda Company is subject to provisions of the Workmen's Compensation Act and therefore it is subject to provisions of the Occupational Disease Act. Therefore Marchlik being an employee of Anaconda was eligible for compensation under the Act.

The determination by the Industrial Accident Board that he could not receive benefits was not an exclusion of him from the Act but a finding he had not proved a claim for which he could receive benefits. Section 92-1311(3), R.C.M. 1947, of the Act reads:

> "Compensation shall be paid to every employee who becomes disabled by reason of occupational disease arising out of his employment, subject to the following conditions; and when claims are presented and notices given in accordance with the limitations of sections 92-1312 and 92-1313. * * *

> "3. No compensation shall be paid in case of silicosis unless during the eight years immediately preceding the disablement the injured employee has been exposed to harmful quantities of silicon dioxide dust for a total period of not less than one thousand (1,000) workshifts in employment in this state and unless total disability results within four years from the last day upon which the employee actually worked for the employer against whom compensation is claimed."

This statute points out under what conditions an eligible employee will be entitled to recover. In the opinion of the Board Marchlik did not fulfill all the conditions. As to the claim for the poisoning by copper and sulphur he did not produce any evidence before the Board that he was poisoned by those compounds. The result is that Marchlik was not an

- 6 -

employee who falls within the class of employees mentioned in section 92-1331, R.C.M. 1947, and therefore he cannot bring a law suit to recover for his alleged ailments.

This is a proper case for this Court to exercise its powers of supervisory control under Article VIII, Section 2 of the 1889 Constitution of Montana and section 93-1106, R.C.M. 1947. Therefore a writ of supervisory control is ordered to issue directing the district court to vacate its order overruling the motion for summary judgment by petitioner and enter judgment in favor of petitioner.

_____
Chief Justice

We concur:

_____

_____

_____
Associate Justices

Mr. Justice Gene B. Daly and Mr. Justice Frank I. Haswell dissenting:

We dissent.

The majority opinion sets forth section 92-1308, R.C.M. 1947 of the Occupational Disease Act and section 92-204, R.C.M. 1947 of the Workmen's Compensation Act in their own language and establishes that employees who elect to come under the Act and qualify to receive benefits under the Act have no action at law against their employer. The language of section 92-1308, R.C.M. 1947, uses the words: "<u>The right to recover compensation pursuant to the provisions of this act for occupational diseases</u> * * *", which in itself is a clear indication that they have exchanged the right of recovery under the Act, a statutory right, for their common law right of action against the employer. This quid pro quo basis for granting immunity to the employer from common law liability is well recognized, most recently in State ex rel. First National Bank v. District Court, _____Mont._____, _____P.2d_____, 30 St.Rep. 25. This is a well recognized principle of law but it never has been viewed as denying the employee both remedies, i.e., in the context that if you fail to <u>qualify</u> under the Act, as opposed to having no injury, you lose both rights of recovery.

Section 92-1331, R.C.M. 1947, quoted by the majority further strengthens this doctrine in this language:

> "There shall be no common-law right of action
> for damage from occupational disease against
> an employer <u>who</u> elects to come under the pro-
> visions of t<u>his</u> act, <u>excepting for those
> employees not eligible for compensation under
> the terms of this act</u> * * *." (Emphasis added).

This is merely a negative statement of the principle in section 92-1308, R.C.M. 1947. If you are not eligible under the Act, you have preserved your common law remedies.

- 8 -

At the Industrial Accident Board hearing the examiner found that under the Occupational Disease Act, section 92-1311(3), R.C.M. 1947, that a claimant during a time period certain must have worked not less than 1,000 work shifts -- claimant here had worked only 368.042 work shifts. The examiner immediately said:

> "That seems to preclude immediately the possibility of any recovery under the Occupational Disease Act, irregardless of what his medical findings are * * *."

This terminated the hearing insofar as it related to the Occupational Disease Act.

While making no comment regarding the merits of the cause of action, claimant under the Act nonetheless has his common law right of action. If he is denied this as the majority holds, he has no remedy at all. This is not the intent of this Act.

In our view, the judgment of the trial court should be affirmed accordingly.

_Gene B. Daly_

_Frank I. Haswell_

Associate Justices