IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 80-63

GREAT WESTERN SUGAR COMPANY,
a Delaware corporation,

Relator,

vs.

DISTRICT COURT FOR THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
YELLOWSTONE AND THE HONORABLE CHARLES
LUEDKE, PRESIDING DISTRICT JUDGE,

Respondents.

FILED

MAY - 8 1980

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

OPINION AND ORDER GRANTING SUPERVISORY CONTROL

Relator, Great Western Sugar Company, filed its application with this Court, praying that we issue a writ of supervisory control or other appropriate writ to the District Court of the Thirteenth Judicial District, in and for Yellowstone County, upon the following facts:

On September 20, 1979, Jim R. Shelton filed his amended complaint in cause no. 71515 in the Yellowstone County District Court, naming as defendants Kober Farms, Inc., Great Western Sugar Company and Silver Engineering Works.

In that amended complaint, Jim R. Shelton alleged that on October 4, 1976 in the course of his employment with the Great Western Sugar Company, he was unloading sugar beets from trucks to a conveyor system, constructed and designed by Silver Engineering Works. Shelton further alleged that while unloading a truck operated by an employee of Kober Farms, Inc. the truck's winggate struck him in his right foot causing permanent damages.

-1-

Kober Farms, Inc. filed a response to the amended complaint, denying in general the allegations of the amended complaint raising affirmative defenses, and including a cross claim against Great Western Sugar Company based either upon indemnity or upon contribution. Great Western Sugar Company moved to dismiss the plaintiff's amended complaint against it, and the cross-claim of defendant Kober Farms, Inc. against it, on the grounds that the pleadings in each case failed to state a claim against Great Western Sugar Company upon which relief could be granted.

The allegations upon which Jim R. Shelton claims to be entitled to relief against Great Western Sugar Company are these:

"9.   That the defendant, Great Western Sugar Company, failed to comply with the following duties that it owed to plaintiff:

"a.   the common law duty of providing a reasonably safe place to work for the plaintiff;

"b.   the duty to employ competent help, equipped with proper equipment and assisted with a proper safety program and trained personnel;

"c.   the duty of warning the plaintiff of all the hazards which it knew or should have known, in the exercise of due care, existed;

"d.   Although the defendant, Great Western Sugar Company, was aware that the machinery involved in the use of the conveyor system was extremely hazardous and that the utilization of the machinery placed the plaintiff and other people like him in an extremely hazardous position, they failed to install a system that would prevent the trucks, when loading and unloading on the platforms, from going forward and moving while the plaintiff was in a position of danger. They failed to install or have installed any fail-safe devices or self-checking devices that would prevent harm to plaintiff in the position in which he was located.

"e.   They failed to adequately warn the plaintiff of the dangers involved in working in the position in which they placed him and failed to adequately train him to protect himself against the dangers that the defendant, Great Western Sugar Company, at all times, from many previous experiences with other employees, knew or should have known existed.

-2-

"f. The defendant sugar company failed to adequately train the fellow employees as well as the customers utilizing the conveyor system of the safe use of the conveyor system. That the said company did negligently, carelessly and wantonly continue to place untrained and unskilled people such as the plaintiff in this case in the position of danger on the conveyor system, knowing at all times that the system, because of its faulty design, placed the plaintiff in an extremely dangerous position to his life and limb.

"g. The defendant sugar company failed to comply with the safety provisions then and there in effect in the State of Montana.

"h. Although the defendant knew that other employees had been injured on the conveyor system of the type used by the plaintiff in this matter, they failed to take any steps to avoid further unnecessary injuries, although they were, at all times, aware that modifications were possible that could make it safer for the employees to work in the position occupied by the plaintiff on the conveyor system."

The District Court on January 11, 1980, granted the motion to dismiss the cross-claim of Kober Farms, Inc. against Great Western. In the same order, it denied Great Western's motion to dismiss the amended complaint of Shelton against it.

Great Western's application for supervisory control alleges that the case in the District Court involves complex liability claims against multiple defendants that will require extended and complicated discovery and a jury trial. It alleges that while it has a remedy by appeal from the claimed error of the District Court in refusing to grant its motion to dismiss the amended complaint, the remedy is not speedy or adequate and would subject Great Western Sugar Company to unnecessary expense and involvement in the proceedings and trial until judgment before it could find its remedy by appeal. Accordingly, Great Western claims that it is proper in this situation for this Court to grant a remedial writ.

Upon receipt of the application from Great Western, and after considering the same, we ordered responses to be filed

-3-

by all the interested parties. Such responses have been received from the plaintiff, Jim R. Shelton, and from the defendant, Kober Farms, Inc. After considering the application, the responses, and the documents filed in connection therewith, and the memoranda of the parties, we have concluded that this is a proper case to assume jurisdiction and to issue an order of supervisory control directed to the said District Court ordering the dismissal of the amended complaint against Great Western. Our reasons follow:

Kober's response is that Great Western Sugar Company, as the employer of the plaintiff, because it has supplied Workers' Compensation coverage to the plaintiff, is entitled to recover, if plaintiff is successful, at least 50 percent and perhaps 100 percent of the monies which it has paid to plaintiff as Workers' Compensation benefits. Kober further contends that we are thus presented with a case where an employer which might itself have been negligent in a substantial degree as a proximate cause of Shelton's injuries will nevertheless enrich itself by its subrogation interest in the outcome of Shelton's lawsuit. Kober therefore supports Shelton's opposition to the dismissal in the lower court, and the grant of a writ or order in this cause.

Section 39-71-411, MCA, under the Workers' Compensation Act, provides that the "employer is not subject to any liability whatever" to an injured employee except under the Act itself. Western contends that this exclusivity provision applies here and insulates the employer Great Western, from the cause of action claimed by Shelton, the employee.

On the other hand, Shelton contends that under the allegations of his amended complaint, as we have set them forth previously, Great Western, by wantonly, maliciously and carelessly placing the plaintiff in a position of danger,

-4-

has committed the equivalent of an intentional harm; that applying the exclusivity clause to the contractual agreement of employment between Great Western and Shelton, under principles of contract law, would be against public policy as enunciated in section 28-2-702, MCA; and that since the _quid pro quo_ for the adoption of Workers' Compensation Acts was the elimination of defenses or contributory negligence, assumption of risk, and the fellow servant rule, which defenses do not apply to intentional torts, that the exclusivity clause should not apply in Shelton's case. Shelton also contends that Great Western has not made out a proper case for supervisory control.

In Enberg v. Anaconda Company (1971), 158 Mont. 135, 489 P.2d 1036, we held that where a plaintiffs complaint did not allege intentional injury by the defendant employer, any claim for relief was barred by the exclusive remedy provisions of the Workers' Compensation law; 158 Mont. at 137, 138; 489 P.2d at 1037. Although the charges in Shelton's complaint against Great Western, set forth above, are broadly stated, they fall short of intentional tort, and therefore do not state such a claim against the employer as would serve to override the exclusivity provision of the Workers' Compensation Act. See State ex rel. City of Havre v. District Court (1980), _____ Mont. _____, _____ P.2d _____, 37 St.Rep. 552.

Since intentional tort against Great Western is not alleged, but only negligence, however wanton or malicious, the right of an employee to sue his employer for work related injuries covered by the Workers' Compensation Act is subject to the principles we enunciated in Cordier v. Stetson-Ross, Inc. (1979), _____ Mont. _____, 604 P.2d 86, 36 St.Rep. 2107. In _Cordier_, we stated:

-5-

"It is our opinion that the broad provisions of section 92-204.1, R.C.M. 1947, now section 39-71-411, MCA, require us to hold that the provisions of the Workers' Compensation Act are exclusive as to the liability of the employer for damages sustained by the injured employee whether they are sought by the employee directly, or by a third party under contribution. Our statute rules out 'any liability whatever' even before it goes on to state that the employee and those under him are limited to such recovery as the Act allows against the employer. The language 'any liability whatever' would be surplusage unless it is read to mean liability not only to the employee and those claiming under him, but also any other party attempting to claim liability against the employer for the same incident. . ." 604 P.2d at 89-90, 36 St.Rep. at 2111.

Our holding that the allegations of Shelton's complaint do not constitute a claim of intentional tort disposes of Shelton's contention that the exclusivity rule should not apply here. The quid pro quo on which Shelton claims we should have ignored the exclusivity clause, that is the elimination of Workers' Compensation Act of the defenses of contributory negligence, assumption of risk and the fellow servant rule, have indeed been sacrificed by the employer Great Western in this case in providing Workers' Compensation coverage for its employee Shelton. Shelton pointed us to the holding in Mandolidis v. Elkins Industries, Inc. (1978), ___ W.Va. ___, 246 S.E.2d 907. The West Virginia statute provided immunity from suit to an employer who "does not inflict an injury with deliberate intention." Even with the requirement of section 39-71-104, MCA, that the Workers' Compensation Act be liberally construed, no part of Mandolidis would allow us to transmute negligence into deliberate or intentional harm.

We hold that the "intentional harm" which removes an employer from the protection of the exclusivity clause of the Workers' Compensation Act is such harm as it maliciously and specifically directed at an employee, or class of employee

-6-

out of which such specific intentional harm the employee receives injuries as a proximate result. Any incident involving a lesser degree of intent or general degree of negligence not pointed specifically and directly at the injured employee is barred by the exclusivity clause as a basis for recovery against the employer outside the Workers' Compensation Act.

Likewise we see no substance in the public policy contention of Shelton. Section 28-2-702, MCA states:

> "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or for violation of law, whether willful or negligent, are against the policy of the law."

The drafters of the Workers' Compensation Act have been careful to include all possible contracts of employment within their provisions. See sections 39-71-401 to 39-71-405, incl., MCA. It is more nearly accurate to state that it is the public policy of this State to make certain that all forms of employment be subject to the Workers' Compensation Act, and that this includes the exclusivity clause therein. As we pointed out in Cordier, supra, it is also the public policy of this State to allow the employer to be reimbursed out of any recovery that the employee may make against a responsible third party:

> ". . . We must look at the subrogation rights provided by the Montana Act from the viewpoint that the employer has accepted liability without fault of the employee; that the employee's recovery against the employer is limited to the benefits under the Act; that the employer has given up its common law defenses if it does not come under the Act; and that the special provisions of the Act with respect to subrogation are designed to provide an incentive to the employee to seek reimbursement for his damages from a responsible party so that the employer may be reimbursed in whole or in part out of any recovery made by the employee." 604 P.2d at 93, 36 St.Rep. at 2115.

-7-

We find therefore that the complaint against Great Western by Shelton should have been dismissed in the District Court. Great Western finds itself in a situation where it has no plain, speedy or adequate remedy at law, and it has no right of appeal of the order of the District Court. In those circumstances, it is proper for us to assume jurisdiction, and to order supervisory control. State v. Doty (1977), 173 Mont. 233, 566 P.2d 1388.

Accordingly, IT IS ORDERED:

That the amended complaint of Jim R. Shelton against Great Western Sugar Company in cause no. 71515, in the District Court, Thirteenth Judicial District, County of Yellowstone, be dismissed;

That the Clerk of this Court serve a copy of this opinion and order upon all counsel of record herein;

That as and at the time when, under the Rules of this Court, remittitur would issue upon decisions of this Court, the Clerk of this Court shall mail a certified copy of this opinion and order to the respondent District Court;

That said certified copy of this opinion and order shall be and serve the office of a writ of supervisory control from this Court to the said District Court. Costs of this proceedings to relator.

DATED this 8th day of May, 1980.

John C. Sheehy
Justice

We Concur:

Chief Justice

Gene B. Daly

John Conway Harrison

Daniel J. Shea
Justices

-8-

Mr. Chief Justice Frank I. Haswell did not participate in this cause.