MR. CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Randal Noonan appeals an order of the Yellowstone County District Court granting the motion for summary judgment of Spring Creek Forest Products, Inc. The trial court’s order effectively dismissed the employee’s civil action for damages based on intentional tort. We affirm.
Noonan was employed by Spring Creek as a wood planer operator in July of 1980. Spring Creek is a sawmill located near Judith Gap. This was Noonan’s first full-time job as the nineteen-year-old had just graduated from high school.
The employee’s job required him to feed rough-cut lumber through a planer to be milled to the proper dimensions. On December 22, 1980, a piece of wood became stuck in the planer. Noonan reached in to clear the chip of wood and his left hand was drawn into the machine resulting in serious injury.
Noonan submitted a claim for workers’ compensation benefits *223 which was granted. Appellant has received these benefits up through the present lawsuit.
This action was filed on April 22, 1983. Noonan alleged that the injury was the result of the employer's intentional action. Appellant sets forth the following facts in an affidavit and deposition.
1. The planer on which Randy Noonan was working was broken for approximately a month.
2. The employer had been requested to repair the planer but had failed to do so.
3. Randy Noonan had been told by his employer not to turn off the planer because it would slow down production.
4. Randy’s foreman would sometimes come to work intoxicated and was intoxicated on the day of the accident.
5. The owners of Spring Creek knew that Randy’s foreman worked while intoxicated.
6. No guard was on the planer.
7. The “on” and “off” switches were mislabeled by Spring Creek.
8. Randy was required to run the planer regardless of safety.
9. Spring Creek knew of prior accidents on the planer but concealed the fact of such accidents from Randy Noonan.
10. Spring Creek knew that it was in violation of OSHA Safety Regulations.
11. Spring Creek knew that plaintiff Randy Noonan would be required to retrieve pieces of wood from the planer.
12. If the planer had not been broken, it would not have been necessary for Randy to retrieve wood from the planer and lose his hand.
13. Spring Creek’s policy was to run equipment, regardless of safety, until it broke, at which time employees would be laid off without pay.
The trial court granted the employer’s motion for summary judgment upon the grounds that there were no genuine issues of material fact on whether the harm suffered was maliciously and specifically directed at the plaintiff out of which such specific intentional harm the plaintiff received injuries as a proximate result. This language of the court’s order is from one of our recent decisions on intentional torts in the workplace. Great Western Sugar Co. v. District Court (1980), 188 Mont. 1, 610 P.2d 717.
A second basis for granting defendant’s summary judgment was that Noonan had made an election of remedies by accepting workers’ compensation benefits.
Noonan has raised the following issues:
*224 1. Does a material issue of fact exist regarding the employer’s intent to injure the employee so as to preclude summary judgment?
2. Has the employee effectively elected coverage under the Workers’ Compensation Act, thereby precluding recovery of damages in a civil lawsuit?
3. Is the employee entitled to summary judgment on the issue of the employer’s liability for the injury?
This appeal presents a question concerning the intentional tort exception to the exclusivity provision of the Workers’ Compensation Act. Section 39-71-411, MCA. Appellant is essentially asking this Court to broaden Montana’s intentional tort exception and recognize what is presently the minority view in the United States.
Concerning the issue of the employer’s intent, Noonan alleges that the thirteen facts set forth above show an intent to injure. In his view, they show, at the least, a material issue of fact on the question of intent; therefore, summary judgment was improper.
Noonan relies on case law from a number of jurisdictions that have recognized an intentional tort in similar circumstances. The leading cases have arisen in Ohio and West Virginia. See Jones v. VIP Development Co. (1984), 13 Ohio St.3d 90, 472 N.E. 2d 1046; Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982), 69 Ohio St.2d 608, 433 N.E.2d 572; Madolidis v. Elkins Industries, Inc. (1978), 161 W.Va. 695, 246 S.E.2d 907. What these cases have established is that a worker may pursue a cause of action alleging intentional tort without showing the employer had a specific intent to injure. Ohio and other jurisdictions allow these intentional tort actions to proceed where the employer knows or believes that harm is a “substantially certain” consequence of the unsafe workplace. See for example, Shearer v. Homestake Min. Co. (S.D. 1983), 557 F.Supp. 549. The existence of this knowledge or intent may be inferred from the employer’s conduct and surrounding circumstances.
Montana has chartered a course quite different from those states on the cutting edge of the minority trend. As recently as 1980 we held:
“. . . the ‘intentional harm’ which removes an employer from the protection of the exclusivity clause of the Workers’ Compensation Act is such harm as it maliciously and specifically directed at an employee, or class of employee out of which such specific intentional harm the employee receives injuries as a proximate result. Any incident involving a lesser degree of intent or general degree of negligence not pointed specifically and directly at the injured employee is *225 barred by the exclusivity clause as a basis for recovery against the employer outside the Workers’ Compensation Act.” Great Western Sugar Co. v. District Court, 610 P.2d at 720.
Great Western is arguably distinguishable from the present case in that the injured worker there failed to allege intentional conduct on the part of his employer. Noonan, on the other hand, has clearly made the necessary allegations in his complaint, that if supported by the facts, would remove the cause of action from the exclusivity provision of the Workers’ Compensation Act.
We have reviewed each of the plaintiffs alleged facts set forth above and fail to discern how any of the specific facts could be interpreted to mean harm was specifically directed at Noonan. The facts do establish that the owners of Spring Creek operated a hazardous and dangerous workplace. The number of injuries that occurred among a relatively small number of workers provides ample support for this observation. However, to translate this situation into an inference of tortious intent on behalf of the employer would require a standard of law that this Court has thus far refused to adopt.
Where an employee’s allegations go no further than to charge an employer with knowledge of a hazardous machine, the complaint does not state a cause outside the purview of our exclusive remedy statute. In so holding we are in accord with several jurisdictions that have reached this question. Fryman v. Electric Steam Radiator Corporation (Ky. 1955), 277 S.W.2d 25 (allegations that metal press was defective and dangerous and that employer was notified of unsafe condition of machine by prior operators were not sufficient to state cause of action on theory of employer’s deliberate intent to injure employee); Duk Hwan Chung v. Fred Meyer, Inc. (1976), 276 Or. 809, 556 P.2d 683 (employer’s removal of safety switch on pie-cutting machine not sufficient to establish deliberate intent to injure employee); Jenkins v. Carman Mfg. Co. (1916), 79 Or. 448, 155 P. 703 (employer’s knowledge of broken condition of a roller on a lumber conveyer, failure to repair it, and direction to employee to work in its vicinity did not constitute a deliberate intent to produce injury); Higley v. Weyerhaeuser Company (1975), 13 Wash.App. 269, 534 P.2d 596 (plaintiffs affidavit that eye injury was caused by inadequate plexiglás shielding in sawmill and owner’s knowledge of flying cutter heads was not sufficient to establish deliberate intention).
The deposition, affidavits and pleadings before the District Court did not raise a genuine issue of material fact on the question of whether Spring Creek intentionally injured Randal Noonan. The *226 lower court was solely confronted with a question of law. As our discussion has indicated, the court correctly construed the intentional harm exception to the exclusivity provision of the Workers’ Compensation Act.
The summary judgment of the District Court is affirmed. By the nature of our decision the appellant’s additional issues need not be reached.
MR. JUSTICES WEBER and GULBRANDSON concur.