MR. JUSTICE HUNT,
dissenting:
I respectfully dissent.
While I agree that the policy of Workers’ Compensation is to protect the employer from employee tort action for injuries received during their employment, I believe there must be a limit on what the employee must tolerate. In my opinion in the case cited by the majority, for its present holding that the employee can not file a suit unless he can show that he personally was the victim of an intentional injury, this Court paved the way for recovery of an intentional tort. That case is Great Western Sugar Co. v. District Court (1980), 188 Mont. 1, 7, 610 P.2d 717, 720:
“We hold that the ‘intentional harm’ which removes an employer from the protection of the exclusivity clause of the Workers’ Compensation Act is such harm as it [sic] maliciously and specifically directed at an employee, or class of employee out of which such specific intentional harm the employee receives injuries as a proximate result. Any incident involving a lesser degree of intent or general degree of negligence not pointed specifically and directly at the injured employee is barred by the exclusivity clause as a basis for recovery against the employer outside the Workers’ Compensation Act.” (Emphasis added.)
In the case at bar the cause of action was fully pled, and in my opinion well and truly established a prima facie case for liability. To affirm a finding that none of the [13] specific factual allegations could be interpreted to mean harm was “specifically directed” at Noonan, misses the point.
The unsafe workplace existed over a protracted period of time, within the full knowledge of the employer, amid various complaints by employees and was in reckless disregard of their safety. Such conduct, “specifically directs the harm at each and every employee.”
The “intentional harm” we talked about in the Great Western Sugar Co. case, supra, does not, of course, refer to any degrees of negligent conduct. Nor does it imply such conduct must go so far as *231 to constitute conduct similar to that of assault. A specific intent to cause harm is not necessary.
Rather, what we have here is the type of intentional conduct known as reckless disregard of safety. Perhaps it is best summed up in Restatement (Second) of Torts section 500, and the Special Note:
“The actor’s conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.
“Special Note: The conduct described in this Section is often called ‘wanton or willful misconduct’ both in statutes and judicial opinions. On the other hand, this phrase is sometimes used by courts to refer to conduct intended to cause harm to another.” (Emphasis added.)
Comment a following the Special Note distinguishes two types of recklessness:
“a. Types of reckless conduct. Recklessness may consist of either of two different types of conduct. In one the actor knows, or has reason to know ... of facts which creates a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk. In the other the actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so. An objective standard is applied to him, and he is held to the realization of the aggravated risk which a reasonable man in his place would have, although he does not himself have it.”
The conduct of Spring Creek comes within the former type. Although reckless disregard of safety is not akin to the classic type of intentional tort, it nonetheless has a close relationship to other conduct which is intentional. Comment f, following the Restatement, supra, provides:
“f. Intentional misconduct and recklessness contrasted. Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from fact which he knows, should realize that there is a strong probability that harm may result, even *232 though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.”
Perhaps one reason the majority ruled as it did was because in alleging an “intentional injury,” Noonan was inartful. He did not base his claim on an assault, or battery, or any of that genre of intentional tort one readily thinks of when “intentional” injury is alleged. Perhaps Noonan’s complaint could have been better drafted. But the District Court could have, and in my opinion should have, discerned that Spring Creek’s reckless disregard for the safety of its employees embodied the intent element of Noonan’s complaint.
The annotation in 96 A.L.R.3d 1064, et seq. (1979) provides an excellent discussion of the circumstances wherein various types of “intentional” conduct are not barred by the exclusive remedy provision of the Workers’ Compensation Acts in several jurisdictions. One case cited therein, Mandolidis v. Elkins Industries, Inc. and also cited in the majority opinion, supra, should be reviewed carefully by this Court. That case was described as being on the “cutting edge of the minority trend.” Most importantly, Mandolidis is not inconsistent with Great Western Sugar Co. The majority opinion concedes it is only “arguably distinguishable.” The distinction lies in specific intent versus reckless disregard for safety. The similarity, however, lies in the fact that the unsafe conditions were specifically directed at a class of employees out of which the employee received injuries.
In my opinion, a distinction should be made between specific intent and reckless disregard of safety. Then, Noonan’s allegation would present a question of fact, rendering summary judgment inappropriate.
One other thing by way of clarification that I would like to discuss is one of the issues that was raised by Noonan according to the majority opinion. That issue is as follows:
“Has the employee effectively elected coverage under the Workers’ Compensation Act, thereby precluding recovery of damages in a civil lawsuit?”
This question should never have been raised but since it has, it should be put to rest permanently. The answer to the question is no. If an employer has coverage, the employee is covered if he is injured at his place of employment and files a claim. This is true whether the injury is a result of an intentional harm or not. There is no provision in the law that allows an injured employee to refuse benefits *233 of the Act in the unlikely event that he wanted to do so after he has filed a claim. Similarly, there is no provision for withholding benefits from an injured employee who meets the requirements of the Act. His benefits continue as long as he is entitled to them or he recovers in his tort action. In that case, necessary adjustments will be made to offset any overpayment because of Workers’ Compensation benefits that may exist.