Donald A. JOHNSON, Plaintiff,

v.

W.R. GRACE & COMPANY, a Connecticut corporation, Defendant.

Harvey NOBLE, Plaintiff,

v.

W.R. GRACE & COMPANY, a Connecticut corporation, Defendant.

Nos. CV–85–244–M–CCL, CV–85–245–M–CCL.

United States District Court, D. Montana, Missoula Division.

Sept. 3, 1986.

James E. Vidal, Murray, Kaufman, Vidal & Gordon, P.C., Kalispell, Mont., for plaintiffs.

Gary L. Graham, Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant moves to dismiss these actions on the grounds that the complaints fail to state a claim upon which relief can be granted and that the actions are barred by the exclusive remedy provisions of the Montana Occupational Disease Act, § 39–72–305, Mont. Code Ann., and the Montana Workers' Compensation Act, § 39–71–411, Mont. Code Ann.

The complaints allege that plaintiffs were injured by inhaling asbestos fibers and vermiculite while employed for a period of more than 30 years at defendant's vermiculite mining and processing operation in Lincoln County, Montana. Plaintiffs allege they were further injured by defendant's fraudulent concealment of the nature and extent of their injuries throughout the course of their employment.

Jurisdiction of the Court is invoked on the basis of diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs are citizens of Montana. Defendant is incorporated in Connecticut and maintains its principal place of business in New York. The amount in controversy in each case is alleged to exceed $10,000 exclusive of interest and costs.

At issue here is whether plaintiffs may sue their former employer under any or all of the seven claims advanced in the complaints despite the existence of state statutes providing administrative remedies for injuries received or disease incurred in the course of employment. Each complaint raises the following claims: (1) defendant failed to provide plaintiffs a safe workplace; (2) defendant failed to take reasonable precautions against risks inherent in its workplace and violated workplace safety regulations; (3) defendant failed to warn plaintiffs of the risks inherent in its workplace; (4) defendant fraudulently misrepresented the safety of its workplace to plaintiffs; (5) defendant fraudulently concealed from plaintiffs the nature and extent of their injuries so as to induce plaintiffs to continue working and suffer further injury; (6) defendant concealed from plaintiffs the results of physical examinations and chest X-rays that it required plaintiffs to undertake throughout the course of their employment; and (7) defendant was negligent in conducting the above-described physical exams of plaintiffs and negligent in not informing plaintiffs of their physical condition.

Motions to dismiss, such as the pending motions, are not favored because the primary objective of our legal system is to resolve claims on their merits. *See*, e.g., *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir.1957). For this reason, a complaint is construed in the light most favorable to the plaintiff. The Court takes as true the factual allegations of the complaint. *See Experimental Engineering v. United Technologies*, 614 F.2d 1244 (9th Cir.1980); 2A Moore's Federal Practice, § 12.07 (1985). I cannot dismiss plaintiffs' complaints unless it is clear that

they are not entitled to any relief under any set of facts which could be proved in support of their claims. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jablon v. Dean Witter & Company,* 614 F.2d 677 (9th Cir.1980).

This is a diversity case. Where jurisdiction is based on diversity of citizenship, I am bound to apply the substantive law of the forum state. In this case, the substantive law of Montana controls plaintiffs' claims. *See St. Paul Fire and Marine Insurance Co. v. Weiner,* 606 F.2d 864 (9th Cir.1979).

■ Defendant's motions to dismiss, with respect to Counts V and VI of plaintiffs' complaints, present an issue of first impression in the interpretation of the exclusive remedy provisions of the Montana Workers' Compensation Act and Montana Occupational Disease Act. When a federal court confronts an issue not yet decided by the forum state's highest court, it must endeavor to apply the rule it believes the state court would adhere to were the state court confronted with the same question. *Commercial Union Insurance Co. v. Ford Motor Co.,* 640 F.2d 210 (9th Cir.1981), *cert. denied,* 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154.

■ Under Montana law, the general rule is that the exclusivity clauses bar an employee's tort action against an employer for harm sustained in the course of employment. *See, e.g., Cordier v. Stetson-Ross, Inc.,* 184 Mont. 502, 604 P.2d 86 (1979) (Workers' Compensation Act); *Anaconda Co. v. District Court,* 161 Mont. 318, 506 P.2d 81 (1973) (Occupational Disease Act). There is, however, an intentional tort exception to the exclusive remedy provisions.

■ The intentional harm that removes an employer from the protection of the exclusivity clauses is such harm as is maliciously and specifically directed at an employee. *Great Western Sugar Co. v. District Court,* 188 Mont. 1, 610 P.2d 717 (1980). A claim based on any incident involving a lesser degree of intent or a general degree of negligence not pointed specifically and directly at the injured employee is barred by the exclusivity clauses. *Id.*

■ Applying the above-cited case law to Count VII of each of the complaints filed herein, I conclude that these claims are barred by the exclusive remedy provisions of the workers' compensation and occupational disease statutes. In each case, Count VII is based primarily on allegations that defendant conducted the physical examinations it required of its employees in a negligent and careless manner. Taken as true, the conduct complained of does not rise to the level contemplated by the case law creating the intentional tort exception.

Counts I, II, III and IV of the respective complaints also must be dismissed as barred by the exclusivity clauses. These claims involve allegations that defendant knowingly operated a hazardous workplace, that defendant failed to take the steps necessary to remove the risks inherent in its workplace, that defendant violated safety regulations and that defendant failed to warn plaintiffs of the risks inherent in its workplace.

■ Where an employee's allegations against an employer go no further than to charge the employer with knowledge and maintenance of a hazardous workplace, the complaint does not state a cause of action outside the purview of the exclusivity clauses of the workers' compensation and occupational disease statutes. *See, e.g., Noonan v. Spring Creek Forest Products, Inc.,* — Mont. ——, 700 P.2d 623, 625–26 (1985). In *Noonan,* the Supreme Court of Montana concluded the employer in that case operated a hazardous and dangerous workplace. The state court refused, however, to translate that situation into an inference of tortious intent on the part of the employer.

■ Professor Larson, in his excellent treatise on the law of workers' compensation, sets forth the framework for analyzing Counts I through IV in light of the exclusivity clauses:

Even if the alleged conduct goes beyond aggravated negligence, and includes

such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or even willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.

2A Larson's Workmen's Compensation Law § 68.13, at 13–8 (1976). Under *Noonan* and other relevant Montana decisions, plaintiffs' allegations concerning defendant's knowledge of, and failure to correct, the hazardous nature of its workplace do not rise to the level of intentional tortious conduct required to state a claim outside the scope of the administrative remedies provided by statute. Examining Counts I through IV of plaintiffs' pleadings, I hold that each and every one of the allegations, if proved, still would fall short of the actual, direct, and specific intent required to maintain these causes of action.

■ With respect to Counts V and VI, however, I find that plaintiffs' pleadings are sufficient to withstand defendant's motions to dismiss. In these counts, plaintiffs allege defendant fraudulently concealed from them, throughout the course of their employment, X-rays and other medical information concerning the nature and extent of plaintiffs' particular impairments. Plaintiffs allege that whatever initial harm they may have suffered as a result of working in a hazardous operation was severely aggravated by defendant's intentional concealment of critical medical information. Plaintiffs allege that this conduct of defendant was specifically directed at them to induce them to continue working, despite the health risks known to the employer.

Some courts have allowed an employee allegedly injured as the result of an employer's concealment of the nature, extent and causation of the employee's injury to proceed against the employer under a common law theory of fraud. *See, e.g., McDaniel v. Johns-Manville Sales Corp.*, 487 F.Supp. 714 (N.D.Ill.1978) (applying Illinois law); *Delamonte v. Unitcast Division of Midland Ross Corp.*, 64 Ohio App.2d 159, 411 N.E.2d 814 (1978).

While defendant correctly argues that workers' compensation ordinarily is the exclusive remedy for covered employees, Montana law recognizes that such administrative remedy may not be the sole remedy in cases of intentional torts. As the Montana Supreme Court indicated in *Great Western Sugar, supra,* harm specifically and intentionally directed at an employee is not the type of risk contemplated by the Workers' Compensation Act or the Occupational Disease Act. In Counts V and VI, plaintiffs allege defendant intentionally deceived them and fraudulently concealed the nature and extent of their particular impairments. This is not the type of risk ordinarily undertaken in the workplace. Plaintiffs should have the opportunity to prove these allegations.

Plaintiffs also rely on California case law in support of Counts V and VI. In California, where the courts historically have denied recovery based on an employee's allegation of fraud, the modern trend has been to allow an injured employee to recover damages sustained because of the employer's conduct which aggravated an injury even though the workers' compensation statute in question still would be the exclusive remedy for the initial injury sustained by the employee. *See, e.g., Johns-Manville Products Corp. v. Superior Court of Contra Costra County,* 27 Cal.3d 465, 165 Cal.Rptr. 858, 612 P.2d 948 (1980) (where the court held an employee was entitled to bring an action against his employer based on the allegation that the employer fraudulently concealed from him and from his doctors the employer's knowledge that the employee was suffering from a disease caused by the ingestion of asbestos, thereby inducing him to continue working in hazardous conditions).

In *Johns-Manville Products Corp.,* the court did agree with the employer that if the employee were bringing his action solely for the initial injury he received upon workplace exposure to asbestos, such ac-

tion would be barred by the exclusivity clause of the state workers' compensation statute. However, the court noted a trend toward allowing an employee to recover if the employer by some affirmative act has deliberately aggravated the employee's initial injury. 165 Cal.Rptr. at 865, 612 P.2d at 955.

This Court is not aware of any Montana case law addressing the above-described "second injury" doctrine. In light of the Montana cases on the intentional tort exception to the exclusivity clauses in question, however, I conclude that while the exclusivity clauses bar an employee's action for damages for an initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause. Professor Larson indicates that this "second injury" concept may be well on its way toward gaining general acceptance. 2A Larson's Workmen's Compensation Law § 68.33, at 13–56.

I find this "second injury" concept to be compatible with the Montana case law providing that nothing short of a specific intent to injure the employee falls outside the scope of the exclusivity clauses. In addressing the validity of plaintiffs' claims, I make no findings as to their merits. Plaintiffs bear the burden of proving that defendant did in fact fraudulently conceal from them information concerning the nature and extent of their injuries and that such conduct proximately caused the "second injuries" or "aggravated injuries."

For the reasons stated above,

IT IS ORDERED that defendant's motions to dismiss Counts I, II, III, IV and VII of the complaints filed in the above-entitled actions are GRANTED.

IT IS FURTHER ORDERED that defendant's motions to dismiss Counts V and VI of the complaints filed in the above-entitled actions are DENIED. Defendant shall have 20 days within which to further plead in these cases.