No. 86-226

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

DELORES ADSEM, surviving spouse
and Personal Representative of the
estate of Richard Allen Adsem,
Deceased,

        Plaintiff and Appellant,

-vs-

RICHARD ROSKE and R. H. GROVER, INC.,
a Montana Corp.,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Small, Hatch, Doubek & Pyfer; John C. Doubek, Helena,
Montana

      For Respondent:

           Worden, Thane & Haines; Martin S. King, Missoula,
Montana
Alexander & Baucus; J. David Slovak, Great Falls,
Montana

_____

Submitted on Briefs: Sept. 18, 1986

Decided:  December 11, 1986

Filed:  **DEC 11 1986**

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from a summary judgment entered by the First Judicial District, Lewis and Clark County in favor of the defendants, Roske and Grover, Inc. Plaintiff Delores Adsem appeals. We affirm.

There are two issues on appeal. Did the District Court err in granting summary judgment? Does the plaintiff have a remedy outside of the Montana Workers' Compensation Act?

Richard Adsem was killed in a construction accident at the Capital Hill Mall sewer line project in Helena, Montana. He was installing pipe in a trench 11-12 feet deep with no sloping or shoring of the walls when the walls of the trench collapsed and Adsem suffocated. Adsem maintains that the employer knew the trench was unsafe, and that a cave-in was likely and yet ordered him into the trench, which collapsed on him.

Delores Adsem, Richard Adsem's widow, filed this wrongful death suit against Richard Roske, a co-employee and foreman of the crew, and R. H. Grover, Inc., the company that employed both Adsem and Roske. The suit alleged that the "intentional and malicious acts and omissions" of the defendants caused Adsem's death.

The District Court granted summary judgment in favor of the defendants. The District Court held that there was "simply nothing in the record which would lead one to believe that Roske or his employer, Grover, intentionally inflicted the injuries upon Adsem of which he later died." (Emphasis in original.)

The District Court held that the Workers' Compensation benefits which Adsem had already received was her exclusive remedy and granted summary judgment.

Summary judgment is proper where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Noonan v. Spring Creek Forest Products, Inc. (Mont. 1985), 700 P.2d 623, 42 St.Rep. 759; Herron v. Pack & Co. (Mont. 1985), 705 P.2d 587, 42 St.Rep. 1303.

The two issues raised by appellant are two ways of stating the same issue: Did the District Court err in holding that Workers' Compensation is Adsem's exclusive remedy? We hold it did not.

The exclusivity provision of Workers' Compensation is first addressed in Art. II, § 16, 1972 Mont. Const. which states:

> Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable <u>except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under Workers' Compensation Laws of this state</u>. . . . (Emphasis added.)

That constitutional mandate is implemented by § 39-71-411, MCA as to employers and § 39-71-413, MCA, as to employees. Section 39-71-411, MCA, as to employers provides:

> . . . Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such

employer and those conducting his business during liquidation, bankruptcy, or insolvency.

Section 39-71-413, MCA as to employees provides:

If an employee receives an injury while performing the duties of his employment and the injury or injuries so received by the employee are caused by the <u>intentional</u> <u>and</u> <u>malicious</u> <u>act</u> or omission of a servant or employee of his employer, then the employee or in case of his death his heirs or personal representatives shall, in addition to the right to receive compensation under the Workers' Compensation Act, have a right to prosecute any cause of action he may have for damages against the servants or employees of his employer causing the injury. (Emphasis added.)

This Court has held that "the 'intentional harm' which removes an employer from the exclusivity clause of the Workers' Compensation Act is harm maliciously and specifically directed at an employee, or class of employees out of which such specific intentional harm the employee receives injuries as a proximate result." Great Western Sugar Co. v. District Court (1980), 188 Mont. 1, 7, 610 P.2d 717, 720.

Further, we have held that where the facts show only that the employer operated a hazardous and dangerous work place, no intentional conduct exists. <u>Noonan</u>, supra. In <u>Noonan</u>, the facts showed that the planer Noonan was working had been broken for over a month. Noonan had requested that it be fixed but it was not. Noonan was told not to turn the planer off as it would slow production. He was required to run the planer regardless of safety. The on/off switches were mislabeled. The employer knew it was in violation of OSHA regulations. There had been prior accidents on the machine but the employer concealed that fact from Noonan. The employer's policy was to run the equipment until it broke down, at which time the employees would be laid off. We held such conduct, while negligent, does not rise to the level of

intentional conduct. Mr. Justice Morrison, in a concurrence, stated:

> I believe the legislature intended Workers' Compensation to be the exclusive remedy except in those situations where the defendant's conduct arose from specific intent rather than willfulness. In other words, an assault would allow a personal injury action. Gross negligence, such as we have here, would not.

Noonan, 700 P.2d at 626, 42 St.Rep. at 763. That statement is illustrated by Sitzman v. Schumaker (Mont. 1986), 718 P.2d 657, 43 St.Rep. 831, in which we held that an employer who repeatedly hit his employee over the head with a lead pipe could be sued in tort for the damages he inflicted under the intentional act exception to the exclusivity rule.

The conduct of the employer in the case at hand is, at most, gross negligence, but it does not rise to the level of intentional conduct as defined in the prior decisions of this Court.

The District Court was therefore correct in granting summary judgment in favor of the defendants. Adsem's exclusive remedy in the case is under the Workers' Compensation Act.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices