**Gisela Louise OEDEWALDT, Plaintiff,**

v.

**J.C. PENNEY COMPANY, INC., a Delaware corporation, Defendant.**

**No. CV–86–217–GF.**

United States District Court,
D. Montana,
Great Falls Division.

May 18, 1988.

Erik B. Thueson, Helena, Mont., for plaintiff.

John F. Lynch, Lynch & Best, Great Falls, Mont., Ronald C. Winkler, J.C. Penney Co., Inc., Buena Park, Cal., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff Gisela Louise Oedewaldt instituted the above-entitled action against her former employer, J.C. Penney Company, Inc. ("J.C. Penney"), alleging she was wrongfully discharged from her position with defendant's store in Shelby, Montana. Presently before the court is defendant's motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure ("Fed.R.Civ.P."). On March 14, 1988, the court heard oral argument on defendant's motion. After careful consideration, the court is prepared to rule.

It is beyond dispute that plaintiff left her position with defendant's store in 1985 as a result of a nervous breakdown and has since been unable to return to work. The basis of plaintiff's complaint is that, beginning in 1974, the manager of defendant's Shelby store, Kenneth Pitcock, embarked upon a course of conduct which eventually led to plaintiff's mental breakdown and the resultant loss of her job. Plaintiff's complaint sets forth claims for wrongful discharge, breach of the covenant of good faith and fair dealing and, in the alternative, negligence. Plaintiff also seeks to recover punitive damages based on defendant's conduct herein.

In moving for summary judgment, defendant argues plaintiff's claims simply seek compensation for on the job injuries, sustained over a period of years, and, therefore, fall within the exclusive jurisdiction of the Montana Workers Compensation Act. Accordingly, defendant asserts this court lacks jurisdiction over the subject matter of plaintiff's complaint. Defendant also maintains no basis exists for a wrongful discharge action in that no discharge or forced resignation occurred with respect to the plaintiff herein.

■ Ordinarily, when an employee is injured in the work place due to negligence or accident, his remedy is exclusive to the Workers Compensation Act. *Sitzman v. Schumaker*, — Mont. —, 718 P.2d 657, 659 (1986); *citing, Noonan v. Spring Creek Forest Products*, — Mont. —, 700 P.2d 623, 625 (1985). Accordingly, common law damages are not available for injuries negligently or accidentally inflicted by an employer. *Id.* Therefore, in the present case, the court is compelled to conclude defendant is entitled to summary judgment as to that portion of plaintiff's complaint asserting claims sounding in negligence.

■ In the present action, however, plaintiff also alleges the *intentional* conduct of her immediate supervisor, Kenneth Pitcock, caused her mental breakdown, which led to the loss of her job. The Montana Supreme Court has recognized an exception to the exclusivity rule for intentional injury inflicted upon an employee by an employer. *See, Sitzman v. Schumaker*, — Mont. —, 718 P.2d 657 (1986); *Great Western Sugar v. District Court*, 188 Mont. 1, 610 P.2d 717 (1980). Specifically, the court has stated:

> The 'intentional harm' which removes an employer from the protection of the exclusivity clause of the Workers' Compensation Act is such harm as is maliciously and specifically directed at an employee ... out of which such specific intentional harm the employee receives injuries as a proximate result.

*Great Western Sugar, supra,* 188 Mont. at 7, 610 P.2d at 720. Compare, *Adsem v. Roske*, — Mont. —, 728 P.2d 1352 (1986) (conduct of employer was, at most, gross negligence and, therefore, did not rise to the level of intentional conduct contemplated by the exception to the exclusivity rule).

In *Sitzman,* the court held the Workers' Compensation Act's exclusive remedy provisions did not preclude actions by an employee and his wife to recover damages where the employer struck the employee in the head with a pipe while the employee was in the course of his employment. In reaching that decision, the court relied upon the "egregiousness of these circumstances," coupled with the inherent policy of the Workers' Compensation system. *Sitzman, supra,* 718 P.2d at 659.

... The purpose of the Workers' Compensation Act is to protect both the employer and the employee by incorporating a quid pro quo for negligent acts by the employer. The employer is given immunity from suit by an employee who is injured on the job in return for relinquishing his common law defenses. The employee is assured of compensation for his injuries, but foregoes legal recourse against his employer. To allow an employer to personally commit an assault and battery upon an employee and hide behind the exclusivity clause of the Workers' Compensation Act is to disregard the purpose of the Act. Other employers would have to pay for his protection. In effect, he would have bought the right to hit his employees. That is not quid pro quo. The law does not allow a wrongdoer to benefit from his wrongs.

*Id.*

In light of the policy reasons set forth above, this court concludes the plaintiff's factual allegations in the present action, if sufficiently proved, would rise to the level of intentional conduct contemplated by the exception to the Workers' Compensation Act's exclusive remedy provisions. Plaintiff has alleged her employer's agent engaged in a series of intentional acts which were specifically and maliciously directed towards her and which ultimately resulted in her mental breakdown and the resultant loss of her job. Accordingly, the court concludes plaintiff's allegations are sufficient to negate the immunity afforded an employer by the Workers' Compensation

system. However, in so holding, the court premises its ruling solely on the unique factual allegations of the plaintiff herein. Furthermore, the defendant herein has failed to even attempt establishing the compensability of plaintiff's injuries under the Workers' Compensation Act.

Turning to the specific allegations of plaintiff's complaint, the court notes the complaint sets forth claims for wrongful discharge, breach of the implied covenant of good faith and fair dealing attendant the employment relationship and negligence. As stated previously, the court will GRANT defendant's motion for summary judgment as to plaintiff's negligence claim, in that said claim is barred by the exclusivity provisions of the Workers' Compensation Act.

In moving for summary judgment as to the remainder of plaintiff's complaint, defendant asserts any claims for wrongful discharge and breach of the implied covenant of good faith and fair dealing fail as a matter of law because no discharge or forced resignation occurred. In response, plaintiff alleges she was "constructively discharged" as a result of Kenneth Pitcock's actions.

Constructive discharge occurs when an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation. *See, Pittman v. Hattiesburg Municipal Seperate School District,* 644 F.2d 1071, 1077 (5th Cir.1981). To find constructive discharge, the court determines whether or not a reasonable person in the employee's position and circumstances would have felt compelled to resign. *Id.*

No decision of the Montana Supreme Court expressly states that Montana recognizes the concept of "constructive discharge." However, in *Snell v. Montana–Dakota Utilities Co.,* 198 Mont. 56, 643 P.2d 841 (1982), the court discussed constructive discharge in the context of an employment discrimination suit brought pursuant to the Montana Human Rights Act, Title 49, Mont.Code Ann.[1] Upon re-

1. In *Snell,* plaintiff alleged racial harassment     had forced his resignation. In addressing plain-

view, it is this court's opinion, in light of *Snell, supra,* that if presented with the question at issue here, assuming the truth of plaintiff's factual allegations, the Montana Supreme Court would undoubtedly hold the concept of "constructive discharge" applicable to her action herein.[2]

In the case *sub judice,* the court concludes the determination regarding whether the defendant's conduct constructively discharged the plaintiff in the present action is a question of fact for a jury to decide. Accordingly, the court deems it appropriate to DENY defendant's motion for summary judgment as it pertains to plaintiff's claim for wrongful discharge and breach of the implied covenant of good faith and fair dealing. Once again, however, the court reiterates that its decision herein is predicated solely on the particular factual allegations of this particular case.

As a final note, the defendant has stated the only remedy available to plaintiff, taking her allegations as true, is an action for intentional infliction of emotional distress. While this court has recognized the availability of such a cause of action under Montana law, *see, Marzolf v. Hoover,* 596 F.Supp. 596 (D.Mont.1984), plaintiff has failed to include any such claim in her complaint. Given the fact that such a claim would stem from the same factual allegations surrounding plaintiff's other claims herein, the court deems it appropriate to grant plaintiff ten (10) days from the date hereof within which to amend her complaint, if she so desires, to include a claim for intentional infliction of emotional distress.

In conclusion, the court holds as follows:

tiff's claim, the *Snell* court recognized the Montana Human Rights Act, Title 49, Mont.Code Ann., was closely modeled after Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and, therefore, reference to pertinent federal case law was appropriate. *Snell, supra,* 643 P.2d at 844. Accordingly, the court cited several federal decisions discussing the concept of constructive discharge as it pertained to Title VII actions. *Id.,* 643 P.2d at 846.

2. When presented with an issue of substantive state law as to which there has not been a

(1) defendant's motion for summary judgment is GRANTED as to plaintiff's negligence claims;

(2) defendant's motion for summary judgment is DENIED as to the remainder of plaintiff's complaint; and

(3) plaintiff is GRANTED ten (10) days from the date hereof within which to file an amended complaint to include a claim for intentional infliction of emotional distress.

IT IS SO ORDERED.

definitive ruling by the Montana Supreme Court, this court, guided by all available sources of Montana law, must undertake to predict how the Montana Supreme Court would rule if confronted with that issue of law. *See, Meredith v. Winterhaven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980); *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985), *cert. dismissed,* 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985).