No. 85-259
85-260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

BARBARA SITZMAN,

       Petitioner and Appellant,

   -vs-

JAKE SCHUMAKER,

       Respondent and Respondent.

---

JAMES H. SITZMAN,

       Petitioner and Appellant,

   -vs-

JAKE SCHUMAKER,

       Respondent and Respondent.

---

APPEAL FROM:  District Court of the Seventh Judicial District,
             In and for the County of Prairie,
             The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelly & Kelly; Patrick J. Kelly argued, Miles City,
        Montana
        Terry J. Hanson, Miles City, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich; William
        J. Mattix argued, Billings, Montana

---

Submitted: January 30, 1986

Decided: May 15, 1986

Filed: MAY 15 1986

*signature* Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment of the District Court in the Seventh Judicial District of the State of Montana, in and for Prairie County. We reverse and remand for trial.

The plaintiff, James Sitzman, worked for the defendant, Jake Shumaker, performing general ranch labor. The two men did not get along. Shumaker often called Sitzman a "son-of-a-bitch" and "idiot." Sitzman did not respond to these names at first, but eventually began shouting back.

The day Sitzman was injured, he and Shumaker were working together. Shumaker asked Sitzman if the calf feeders were full. Sitzman responded by telling Shumaker that the first one was half full, the second about three-quarters full, and the third one was about two-thirds full. Shumaker exploded, saying "I believe you, you god damn idiot. Can't you just say 'yes' or 'no'?" Later in the morning, Shumaker asked Sitzman if he wanted to work on the tractor. Sitzman responded, "Yeah, sure, no problem. Let's go to work on it." Shumaker again exploded, saying, "you god damn son-of-a-bitch. Why can't you just say 'yes' or 'no'?" When Sitzman replied, "Don't call me an s.o.b.," Shumaker walked over to him and struck him several times in the face. Sitzman pushed Shumaker to the ground. Shumaker then picked up a four-foot length of two-inch pipe and held it over his head. Sitzman asked Shumaker not to hit him, and turned to walk away. Shumaker hit Sitzman on the back of the head and when Sitzman turned to protect himself, hit him on the front of the head, knocking him to the ground, unconscious.

Sitzman suffered severe injuries, including a fractured skull. The extensive head injuries have altered the course of his life.

Sitzman applied for and was granted temporary total disability wage and medical benefits under the Workers' Compensation Act. He brought this action in the District Court to recover damages caused by Shumaker's attack. His wife, Barbara, brought an action for loss of consortium, society, support, comfort and companionship of her husband due to his injuries. Shumaker moved for summary judgment.

Judgment was granted in both actions for the stated reason that because of Sitzman's application for and receipt of Workers' Compensation benefits, their remedies were exclusive to the Workers' Compensation Act. Upon stipulation of the parties, the Sitzmans' actions were consolidated for purpose of appeal.

The issue presented for review by Sitzmans is whether receipt of Workers' Compensation benefits by them results in an election pursuant to § 39-71-411, MCA, thereby barring them from a common law tort action against employer Shumaker.

Summary judgment is proper only when there is a genuine issue of material fact and the movant is entitled to prevail as a matter of law. Cereck v. Albertson's (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. The lower court, in granting summary judgment, reasoned that by filing for benefits under the Workers' Compensation Act "Sitzman became subject to the provision of the Act and more specifically § 39-71-411, MCA."

The exclusivity clause, found in § 39-71-411, MCA, provides in pertinent part:

> For all employments covered under the
> Workers' Compensation Act or for which an
> election has been made for coverage under

- 3 -

this chapter, the provisions of this chapter are exclusive.. . .

The election referred to in § 39-71-411, MCA, however, is the election to come under the Act made by an employer not specifically covered by the Act pursuant to § 39-71-401(2), MCA. It has no reference to an employee seeking to recover for injuries suffered as a result of an assault and battery committed personally by the employer upon the employee who also may have filed for and received Workers' Compensation benefits.

Ordinarily, when an employee is injured in the work place due to negligence or accident, his remedy is exclusive to the Workers' Compensation Act. Noonan v. Spring Creek Forest Products (Mont. 1985), 700 P.2d 623, 625, 42 St.Rep. 759, 762. Common law damages are not available under § 39-71-411, MCA, for injuries negligently or accidentally inflicted by an employer. Negligence claims should be dismissed on this ground. Such are not the facts in this case--Sitzman's injuries are not the result of negligence or accident.

The question then becomes whether there is a permissible exception under § 39-71-411, MCA, for the tort inflicted by Shumaker upon Sitzman.

This Court has said:

> The "intentional harm" which removes an employer from the protection of the exclusivity clause of the Workers' Compensation Act is such harm as is maliciously and specifically directed at an employee . . . out of which such specific intentional harm the employee receives injuries as a proximate result.

Great Western Sugar v. District Court (1980), 188 Mont. 1, 7, 610 P.2d 717, 720. There is evidence that Sitzman suffered intentional harm maliciously and specifically directed at him

by Shumaker. It is not reasonable to suppose the legislature intended to give statutory protection in the form of immunity from suit to an employer who hits his employee in the head with a pipe while the employee is carrying out his employment duties.

The egregiousness of these circumstances removes the exclusivity bar for an employee. In a manner similar to injury by a fellow employee, § 39-71-413, MCA, where the legislature provided for coverage from an intentional injury, under the facts of this case, we provide for such coverage where the injury is by the employer.

There are sound policy reasons for reaching this decision. The purpose of the Workers' Compensation Act is to protect both the employer and the employee by incorporating a quid pro quo for negligent acts by the employer. The employer is given immunity from suit by an employee who is injured on the job in return for relinquishing his common law defenses. The employee is assured of compensation for his injuries, but foregoes legal recourse against his employer. To allow an employer to personally commit an assault and battery upon an employee and hide behind the exclusivity clause of the Workers' Compensation Act is to disregard the purpose of the Act. Other employers would have to pay for his protection. In effect, he would have bought the right to hit his employees. That is not a quid pro quo. The law does not allow a wrongdoer to benefit from his wrongs.

Consequently we hold that a narrow exception to the exclusiveness of the compensation remedy exists where the employer personally commits an assault and battery upon an employee.

The summary judgment is reversed and the case is remanded for trial consistent with the findings of this Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 6 -