No. 02-729

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 262

_____

| | | |
|---|---|---|
| MICHAEL and JOAN BRADY, | ) | |
| | ) | OPINION |
| Plaintiffs, | ) | |
| | ) | and |
| v. | ) | |
| | ) | ORDER |
| PPL MONTANA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

_____

¶1     On November 21, 2002, the Honorable Richard F. Cebull, United States District Judge for the District of Montana, Billings Division, filed with this Court a Certification Order pursuant to Rule 44, M.R.App.P.  Stated briefly, the issue of law submitted by Judge Cebull for decision by this Court is whether § 39-71-413, MCA, as amended, is unconstitutional under five separate provisions of the 1972 Montana Constitution.  Ten relevant facts are included in the Certification Order.

¶2     On November 26, 2002, this Court accepted the certified question, stated we would answer it in due course following briefing and oral argument, set a briefing schedule and invited briefs *amici curiae*.  The briefs, including briefs *amici curiae*, were received and oral argument was set and ultimately heard on September 23, 2003.

¶3     We have determined that we improvidently accepted the certified question.  Simply put, we do not have sufficient facts before us upon which we can render a precedential opinion on the substantial and significant constitutional questions posed.  To issue such an

opinion would require, in essence, that we interpret these constitutional issues in a vacuum. We are unwilling to do so.

¶4     To fill at least part of this factual void, plaintiffs' counsel opined at oral argument that we had before us both Judge Cebull's "relevant facts" and those facts alleged in the plaintiffs' complaint. In counsel's view, because this is a "Rule 12(b) motion," we can and must accept those facts as true. We disagree. While Judge Cebull's Certification Order reflects that a motion for judgment on the pleadings is pending in the United States District Court under the Federal Rules of Civil Procedure, no doubt providing at least a partial explanation for the paucity of facts presented to us for purposes of deciding the certified question, such a motion is not pending before this Court. Consequently, we are not free to look to plaintiffs' complaint for "facts" alleged therein, but are bound by the "relevant facts" included in the Certification Order.

¶5     We realize that Rule 44(i), M.R.App.P., appears to require this Court--once it has accepted a certified question--to "state in a written opinion the law answering the certified question[.]" However, that subsection must be read together with Rule 44(f)(1)(ii), M.R.App.P., which requires that a certification order contain, among other things, "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose[.]" We conclude that the certification order in this cause number does not set forth sufficient facts to permit us to decide the important issues presented.

¶6     This is an unfortunate result for all involved. The parties, *amici curiae* and this Court have spent considerable time on this matter in this Court and, inevitably, the case pending in the United States District Court has been substantially delayed. Unfortunately, it simply

2

is not possible for this Court to know in advance whether the facts presented in a certification order ultimately will be sufficient for this Court to properly decide the question(s) presented.

THEREFORE,

¶7 IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

¶8 The Clerk is directed to mail true copies of this Order to all counsel of record and to the Honorable Richard F. Cebull.

DATED this 25th day of September, 2003.

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE

3