No. 05-644

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 194

_____

MATTHEW G. WISE,

       Plaintiff and Appellant,

   v.

CNH AMERICA, LLC f/k/a CASE, LLC, L.H.C., INC.,
and JOHN DOES 1, 2 and 3,

       Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
               In and for the County of Flathead, Cause No. DV 2004-757(C)
               The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Daniel W. Hileman, James E. Vidal, Kaufman, Vidal, Hileman &
              Ramlow, P.C., Kalispell, Montana

       For Respondents:

              Scott Hagel and Daniel D. Johns, Crowley, Haughey, Hanson, Toole &
              Dietrich, P.L.L.P., Kalispell, Montana

_____

Submitted on Briefs:  June 21, 2006

Decided:  August 22, 2006

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Matthew Wise (Wise) appeals from a decision of the Eleventh Judicial District, Flathead County, granting L.H.C., Inc.'s (LHC) motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), M.R.Civ.P.

¶2     We review whether the District Court properly granted LHC's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      Wise suffered an injury in April of 2003 while operating heavy equipment during his employment with LHC.  Wise filed a complaint on November 9, 2004, alleging that negligence on the part of LHC caused his accident.  Wise also alleged various claims against CNH America, LLC, the manufacturer of the equipment.

¶4     Wise claimed that LHC negligently failed to provide safe working conditions, negligently failed to comply with § 50-71-201, MCA, requiring certain safety measures, and negligently failed to comply with certain federal regulations concerning equipment safety.  Wise asserted at the end of his negligence claim that LHC's actions and inactions constituted "intentional and deliberate conduct as defined by Section 39-71-413, MCA." Section 39-71-413(1), MCA, states that an employee who is intentionally injured by an intentional and deliberate act of an employer may bring a cause of action for damages in addition to receiving benefits under the Workers' Compensation Act.

¶5     LHC filed a motion to dismiss Wise's negligence claim pursuant to Rule 12(b)(6), M.R.Civ.P.  LHC argued that the exclusive remedy provision of § 39-71-411, MCA, barred Wise from bringing his action for damages.  LHC contended that Wise's failure to allege that it committed any "intentional and deliberate" act with the intent to cause Wise

2

an injury under § 39-71-413, MCA, resulted in exclusion of Wise's negligence claim by the Workers' Compensation Act. The District Court agreed and granted LHC's motion to dismiss. This appeal followed.

**STANDARD OF REVIEW**

¶6     We review de novo a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. *Hall v. State*, 2006 MT 37, ¶ 10, 331 Mont. 171, ¶ 10, 130 P.3d 601, ¶ 10. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. *Hall*, ¶ 10. In considering the motion, we construe the complaint in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Hall*, ¶ 10. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim that would entitle the plaintiff to relief. *Reidelbach v. Burlington Northern Ry. Co.*, 2002 MT 289, ¶ 14, 312 Mont. 498, ¶ 14, 60 P.3d 418, ¶ 14.

**DISCUSSION**

¶7     The Workers' Compensation Act generally provides the exclusive remedy for an employee who suffers an injury in the scope of his or her employment. Section 39-71-411, MCA. An employee may bring an action against an employer or fellow employee, however, "[i]f an employee is intentionally injured by an intentional and deliberate act of the employee's employer or by the intentional and deliberate act of a fellow employee." Section 39-71-413(1), MCA. The statute defines intentional injury as "an injury caused

3

by an intentional and deliberate act that is specifically and actually intended to cause injury to the employee." Section 39-71-413(3), MCA.

¶8     Wise contends that the general allegation in his complaint that LHC's negligent actions and inactions constituted "intentional and deliberate" conduct, when viewed in a light most favorable to Wise, satisfied the notice pleading requirements of Rule 8(a), M.R.Civ.P. Pursuant to Rule 8(a), M.R.Civ.P., a complaint must put a defendant on notice of the facts that the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief sought by the plaintiff. *Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35.

¶9     Wise argues that in order to state a claim under § 39-71-413, MCA, he only must allege actions that would have constituted "intentional and malicious" conduct as described in *Sherner v. Conoco*, 2000 MT 50, 298 Mont. 401, 995 P.2d 990. In *Sherner,* we interpreted § 39-71-413, MCA (1999), to determine that an employer acted with "malice" if they proceeded with an intentional disregard or indifference to a high probability of injury to the employee. *Sherner*, ¶ 37. Wise asserts that no legal distinction exists between the "intentional and deliberate" standard of § 39-71-413, MCA, and the "intentional and malicious" standard discussed in *Sherner*. Wise maintains that his general allegation that LHC's conduct constituted "intentional and deliberate" acts properly disclosed the elements of his claim that LHC acted "intentionally and deliberately" by engaging in negligent conduct with an intentional

4

disregard or indifference to a high probability that Wise would suffer an injury. *See Kunst*, ¶ 35.

¶10 Wise fails to recognize that the Legislature amended § 39-71-413, MCA, in 2001 in reaction to our decision in *Sherner*. The preamble to the amendment refers specifically to *Sherner* and states that the Legislature intended to modify the standard so that "an injured employee has a cause of action for damages against an employer or the employer's employee only if the employer or fellow employee causes an intentional injury." 2001 Mont. Laws Ch. 229 (Preamble).

¶11 The amended version of § 39-71-413, MCA, contains significantly different language than the version we interpreted in *Sherner*. The Legislature removed the term "malicious" that the *Sherner* decision relied upon and replaced it with "deliberate." *See* § 39-71-413, MCA; § 39-71-413, MCA (1999). The Legislature also defined an "intentional injury" as an injury caused by a deliberate act with the specific intent of causing an injury. Section 39-71-413(3), MCA. As a result, *Sherner* no longer represents the standard for determining whether the Workers' Compensation Act preempts a claim against an employer or fellow employee. In order to state a claim under § 39-71-413, MCA, an employee now must allege that he or she has been intentionally injured by the intentional act of an employer or fellow employee in order to avoid the exclusivity provision of the Workers' Compensation Act.

¶12 Wise fails to disclose the elements necessary to make a claim against LHC by alleging nothing more than ordinary negligence. *See Kunst*, ¶ 35. Wise alleged that LHC negligently failed to provide safe working conditions and negligently failed to comply

5

with state laws and federal regulations. Wise alleged no conduct that could be construed as "intentional and deliberate" acts, other than the general allegation near the end of his complaint. Wise's attempt to characterize negligent conduct as "intentional and deliberate" fails to bring his claim within the ambit of § 39-71-413, MCA. LHC's alleged negligent conduct, viewed in a light most favorable to Wise, remains negligent conduct, and does not rise to the level of an intentional act specifically designed to cause an injury to Wise. *See* § 39-71-413, MCA. We agree with the District Court that Wise could not prove any set of facts that would entitle him to relief from LHC beyond the Workers' Compensation Act for ordinary negligence. *See Reidelbach*, ¶ 14.

¶13    Affirmed.

//S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE

Justice James C. Nelson concurs.

¶14    I concur in the Court's Opinion.

¶15    Section 39-71-413, MCA, provides:

**Liability of employer or fellow employee for intentional and deliberate acts—additional cause of action—intentional injury defined.** (1) If an employee is intentionally injured by an intentional and deliberate act of the employee's employer or by the intentional and deliberate act of a fellow employee while performing the duties of employment, the employee or in

6

case of death the employee's heirs or personal representatives, in addition to the right to receive compensation under the Workers' Compensation Act, have a cause of action for damages against the person whose intentional and deliberate act caused the intentional injury.

(2) An employer is not vicariously liable under this section for the intentional and deliberate acts of an employee.

(3) As used in this section, "intentional injury" means an injury caused by an intentional and deliberate act that is specifically and actually intended to cause injury to the employee injured and there is actual knowledge that an injury is certain to occur.

¶16 Injured workers or their estates seeking to take advantage of § 39-71-413, MCA, would be well advised to make their first stop at the Country Attorney's office in the county where the injury or death occurred. It is obvious that any employer or fellow employee who intentionally and deliberately injures or kills the worker by a deliberate act "that is specifically and actually intended to cause injury" with "actual knowledge that an injury is certain to occur" (§ 39-71-413(3), MCA), is guilty of assault, a misdemeanor, in violation of § 45-5-201, MCA; aggravated assault, a felony, in violation of § 45-5-202, MCA; or, if the worker is killed, deliberate homicide, a felony, in violation of § 45-5-102, MCA.

¶17 In amending § 39-71-413, MCA, the Legislature has set a criminal standard for conduct of employers and fellow employees whose knowing, intentional and deliberate conduct injures or kills the worker.

¶18 With that observation, I concur.

/S/ JAMES C. NELSON

7