JUSTICE RICE
dissenting in part and concurring in part.
¶34 Under Issue 1, the Court erroneously concludes that there was a genuine issue of material fact regarding whether United had a good faith belief that it would have difficulty collecting on its loans. I agree that the question of whether a duty of good faith was breached is generally reserved to the trier of fact. However, that general principle does not reheve PTE and Nickel from the obligation of alleging facts sufficient to establish that United did not act in “good faith,” as that term is defined under the applicable statute. In the summary judgment context, evidence of such facts must also be offered. Plaintiffs failed to do either. Indeed, their claim would not have survived a motion to dismiss on the pleadings.
¶35 The Court correctly cites § 30-1-208, MCA (1999), which requires *515 that United must have “in good faith believe[d] that the prospect of payment or performance [was] impaired.” The definition of good faith applicable to this case is the 1999 version of § 30-1-201(19), MCA, and reads as follows: “ ‘Good faith’ means honesty in fact in the conduct or transaction concerned.” (Emphasis added.) In their District Court arguments, the parties used the definition of good faith under § 28-1-211, MCA, which references honesty and the observance of reasonable commercial standards, and reads similarly to the UCC definition in Title 30-as it was amended in 2005. However, the relevant events occurred prior to the 2005 amendment, and the District Court correctly recognized that the Title 30 definition of good faith, prior to the 2005 amendment, applied.
¶36 Thus, for PTE and Nickel to survive United’s summary judgment motion, they had to allege (and offer evidence) that, not only did United have insufficient “reason to believe” its collection efforts would be impaired, but that United lacked good faith because it was dishonest in its asserted belief that the plaintiffs’ prospects for repayment were impaired. PTE and Nickel never alleged such dishonesty, but instead alleged in their complaint that United “committed acts and omissions outside of the accepted commercial banking practices” and argued in summary judgment that United “did not act according to reasonable commercial standards of fair dealing.” These claims are made under the Title 28 standard, not the applicable Title 30 standard. By failing to allege dishonesty with respect to their good faith claim as required by the controlling statute, PTE and Nickel failed to state a claim upon which relief could be granted, and it should fail as a matter of law. As we recently held:
Pursuant to Rule 8(a), M.R.Civ.P., a complaint must put a defendant on notice of the facts that the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief sought by the plaintiff. Kunst v. Pass, 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35.
Wise v. CNH Am., LLC, 2006 MT 194, ¶ 8, 333 Mont. 181, ¶ 8, 142 P.3d. 774, ¶ 8. Here, the complaint failed to either allege dishonesty or provide any kind of indication of the facts which would be offered in support of such a claim. Thus, the pleading requirements we applied in Wise were not satisfied here.
¶37 The District Court held similarly, but focused on the lack of evidence, concluding that “Plaintiffs cannot prove a lack of honesty in fact relative to United Banks’ decision to declare a default.” This *516 conclusion was based upon the proper definition of good faith and a correct assessment of Plaintiffs’ failure of proof. I would affirm.
¶38 In view of my position under Issue 1 that United did not breach the contract, I would also affirm the District Court’s imposition of summary judgment on Issue 2. I concur with Court’s disposition of Issue 3.
JUSTICE WARNER joins in the dissenting and concurring opinion of JUSTICE RICE.