**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BRADY; JOAN BRADY, *Plaintiffs-Appellants,* <br><br> v. <br><br> PPL MONTANA, LLC, *Defendant-Appellee.* | No. 06-35007 <br><br> D.C. No. CV-02-00067-BLG-RFC District of Montana, Billings <br><br> ORDER CERTIFYING QUESTION OF LAW TO THE MONTANA SUPREME COURT |

Filed February 14, 2007

Before: Raymond C. Fisher and Richard C. Tallman, Circuit Judges, and Richard Mills,* District Judge.

---

**ORDER**

I

Pursuant to Rule 44(c) of the Montana Rules of Appellate Procedure, we respectfully request the Montana Supreme Court to exercise its discretion to adjudicate the following question of Montana law:

---

*The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Is Mont. Code Ann. § 39-71-413, as amended, unconstitutional under any of the following provisions of the constitution of the State of Montana: (i) prohibition of special privileges and immunities, art. II, § 31; (ii) right to pursue life's basic necessities, to seek safety, health, and happiness in all lawful ways, art. II, § 3; (iii) right to individual dignity and equal protection of the law, art. II, § 4; (iv) prohibition of special legislation, art. V, § 12; and (v) right to due process, art. II, § 17?

The answer to the certified question will be determinative of the appeal pending in our court in this diversity action. We acknowledge that your Court may decide to reformulate the question, and that our phrasing of the question is not intended to restrict your Court's consideration of the request. We would be grateful for any guidance your Court can provide, whether or not directly responsive to the question as we have phrased it.

## II

In this diversity action, plaintiffs Michael and Joan Brady have appealed the United States District Court for Montana's grant of summary judgment in favor of defendant PPL Montana ("PPL") on the Bradys' state tort claims.[1] PPL operates a coal-fired generation power plant located in Colstrip, Montana. In 2001, Michael Brady was employed by PPL as a journeyman mechanic/millwright with the fuel crew. The fuel

---

[1] Because certain facts remain disputed at the summary judgment phase, we include a brief summary of the relevant facts pursuant to Mont. R. App. P. 44(f)(2) (permitting the certifying court to provide a statement of facts if the parties cannot agree on one). Nevertheless, the facts in this case are immaterial to resolving the facial challenge to the constitutionality of § 39-71-413. The Bradys have acknowledged at oral argument before us and in their briefing to our court that if the statute is constitutional, they lose on the merits. *See* Bradys Reply Br. at 4.

crew maintains the running belts that transport coal to the plant.

On August 28, 2001, Brady was part of a five-member crew sent to inspect a Surge Pile Dust Collector ("SPDC"), a large depository for coal dust sucked from coal conveyor belts. Because coal dust is highly combustible, the SPDC was equipped with a fire-suppression system, which consisted of large canisters of $CO_2$. In the event of a fire, the canisters were triggered and flooded the SPDC with gas, effectively suffocating the blaze. The fire suppression system was inspected every six months and was found to be in good working order in June 2001.

Early on the 28th, the head of PPL's "fire crew," Dan Purselley, responded to reports that the fire suppression system may have been triggered. Noting that only two of the twelve $CO_2$ canisters had been triggered, Purselley checked the alarm light, which had not activated, and switched the system from "main" to "reserve." Later that morning, Walt Cournoyer checked the SPDC, walking around the unit and inspecting the exterior; he noticed no external heat.

During a break, Brady and another employee agreed to check the SPDC more thoroughly later that afternoon. Upon returning to the SPDC, one of the five men, Max Blanchard, climbed to the top of the unit, opened the top hatch, and looked inside. He told the others that he saw no indication of fire inside the unit. After climbing back down, Blanchard discussed with the other four men—including Brady—what steps to take next, and the group decided to open the SPDC's lower door to locate the problem. The workers knew that opening the lower door would result in coal dust being "dumped" out of the unit. However, before opening the door, Cournoyer, Blanchard, and Brady double checked the SPDC's exterior, once again detecting no unusual heat sources.

Finally, Blanchard opened the bottom hatch, causing coal dust to spill onto the deck beneath the SPDC. At this point,

the men began exiting the deck (most likely because they were not wearing protective clothing). As the men exited, the purging coal dust ignited, burning Brady, who suffered burns to 28% of his body. Although Brady recovered for his injuries under Montana's Workers' Compensation Act, he initiated this separate tort action against PPL, alleging malicious and intentional harm in failing to train workers adequately, failing to maintain a safe workplace by ensuring that the fire suppression system worked properly, and failing to respond appropriately to SPDC alarms. Joan Brady joined the lawsuit, seeking recovery for emotional distress, loss of consortium, and loss of assistance and companionship. Subsequently, PPL removed this action from the Thirteenth Judicial District in Yellowstone County to the United States District Court for the District of Montana.

## III

Mont. Code Ann. § 39-71-413, as amended, provides a limited exception to employer immunity under Montana's Workers' Compensation Act. Before the district court, the Bradys conceded that they could not meet the standard set by the current § 39-71-413; they maintain that concession on appeal. As a result, the only issue remaining is a legal one: whether § 39-71-413 is facially valid under the Montana state constitution of 1972. To date, the Montana Supreme Court has not addressed the constitutionality of this statute.[2]

The Bradys contend that the statute violates art. II, § 4 (equal protection), art. II, § 31 (special privileges), and art. V, § 12 (special legislation) because, in their view, the statute eliminates vicarious liability altogether while allowing employers who are individuals to be sued for their own intentional actions. As a result, relative to such employers, corpo-

---

[2]The Montana Supreme Court has, however, applied the statute without addressing its constitutionality. *See Wise v. CNH Am. LLC*, 331 Mont. 181 (2006).

rate employers are unreasonably advantaged and their employees unreasonably disadvantaged since corporate employers may not be sued under any circumstances. The Bradys also contend that the statute violates art. II, § 17 (substantive due process) because it is insufficiently related to any permissible governmental objective. Finally, the Bradys argue that § 39-71-413 infringes Montanans' fundamental rights under art. II, §§ 3-4 because the statute expands the scope of employer immunity from suit.

Previously, our district court twice sought certification of this state constitutional issue to the Montana Supreme Court. Each time the Court declined to answer the question, citing a paucity of facts. Thereafter, the parties conducted discovery, and our district court upheld the statute and entered summary judgment against the Bradys. Once again, we seek the answer of the Montana Supreme Court on this novel state constitutional challenge.

IV

The clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within 14 days of any decision by the Montana Supreme Court to accept or decline certification. If the Montana Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that Court's opinion. Submission of this appeal will be vacated by a separate order pending the Montana Supreme Court's response to our request.

V

The following is a list of counsel appearing in this matter:

Counsel for Plaintiffs:   A. Clifford Edwards
Roberta Anner-Hughes
Triel D. Culver
Edwards, Frickle, Anner-Hughes,
Cook & Culver
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, MT 59104-0039

Counsel for Defendants:   Robert L. Sterup
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-7188

Carl Gilmore
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-7580

Respectfully submitted,

Raymond C. Fisher and Richard C. Tallman, United States Circuit Judges, and Richard Mills, United States District Judge.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.