No. OP 07-0132

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

MAY 2 0 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

2008 MT 177

|  |  |  |
|---|---|---|
| MICHAEL AND JOAN BRADY, | ) | |
| | ) | |
| Plaintiffs and Petitioners, | ) | OPINION |
| | ) | |
| v. | ) | AND |
| | ) | |
| PPL MONTANA, LLC., | ) | ORDER |
| | ) | |
| Defendant and Appellee. | ) | |

¶1   The U.S. Court of Appeals for the Ninth Circuit filed with this Court on February 15, 2007, a certification order pursuant to M. R. App. P. 44. The issue of law submitted by the Ninth Circuit for decision by this Court concerned whether § 39-71-413, MCA, as amended, comports with five separate provisions of the 1972 Montana Constitution. We accepted the certified question of the Ninth Circuit on March 21, 2007.

¶2   The Ninth Circuit's request represents far from our first experience with this issue. The Honorable Richard F. Cebull, United States District Judge of the District of Montana, Billings Division, filed with this Court a similar certification order pursuant to M. R. App. P. 44 on November 21, 2002. Judge Cebull's order concerned the very same case at issue here. We accepted Judge Cebull's certified question on November 26, 2002. We set a briefing schedule and invited briefs amicus curiae.

¶3   The parties and amicus curiae filed briefs and we heard oral argument on September 23, 2003. Two days later, on September 25, 2003, we determined that we

improvidently had accepted the certification: "Simply put, we do not have sufficient facts before us upon which we can render a precedential opinion on the substantial and significant constitutional questions posed." *Brady v. PPL Montana, LLC*, 2003 MT 262, ¶ 3, 317 Mont. 425, ¶ 3, 77 P.3d 523, ¶ 3. We were unwilling to interpret these constitutional issues in a vacuum. *Brady*, ¶ 3.

¶4 We likewise set a briefing schedule and invited briefs to be filed by amicus curiae following our acceptance of the Ninth Circuit's certified question. The parties and amicus curiae filed briefs and we heard oral argument on this matter on March 5, 2008. We remain constrained, pursuant to the Ninth Circuit's certification order and our acceptance of that certification order, by the paucity of facts upon which we can render a precedential opinion on the constitutional questions posed. In fact, the Ninth Circuit's order declares that "the facts in this case are immaterial" to resolving the facial challenge to the constitutionality of § 39-71-413, MCA.

¶5 We remain unwilling to address these constitutional issues in a relative vacuum. We once again reluctantly reach the conclusion that we improvidently accepted the Ninth Circuit's certified question. We face a similar factual vacuum in which to evaluate the importance of substantial constitutional questions presented similar to the one that we did in *Brady*.

¶6 We regret the significant time, effort, and money spent on this matter by the parties, amicus curiae, and this Court. We deem it irresponsible, however, to start down the path of addressing constitutional questions of this nature in a relative factual vacuum.

¶7    THEREFORE, IT IS HEREBY ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

¶8    The Clerk of this Court is instructed to mail a true copy of this Order to all counsel of record and to the Clerk of the U. S. Court of Appeals for the Ninth Circuit.

DATED this ___20th___ day of May 2008.

_____

_____

_____

_____
Justices

3

Justice James C. Nelson, concurring.

¶9 I reluctantly join the Court's Opinion and Order dismissing this cause without answering the questions certified to this Court by the United States Court of Appeals for the Ninth Circuit. *See Brady v. PPL Montana, LLC*, 478 F.3d 1015 (9th Cir. 2007). While nothing more is required, I feel obligated to provide some explanation for my vote to the Court of Appeals, the Bradys, and counsel—particularly since this is the third time we are declining to answer a certifying court's questions in this case. *See Brady*, 478 F.3d at 1017 (noting that the United States District Court for the District of Montana has twice sought certification of the state constitutional issues raised in this case, but each time this Court declined to answer the question, citing a paucity of facts).

¶10 My decision to join in dismissing this cause without prejudice to the merits is purely a pragmatic one. I entertain grave reservations about the constitutionality of § 39-71-413, MCA, for various reasons, not the least of which is whether it can withstand scrutiny under Article II, Sections 16 and 17 of the Montana Constitution—respectively, Montana's fundamental guarantees of access to the courts and to due process of law. However, since those of us who would resolve these constitutional issues would do so in conflicting ways, I believe it is more prudent to decline to answer the questions than it would be to offer plurality opinions in the context of a facial challenge and thereby possibly foreclose a later as-applied challenge based on different facts.

¶11 With that, and my apologies to the Court of Appeals, the Bradys, and counsel, I concur.

4

_____
                    Justice

Justice Patricia O. Cotter joins in the Concurrence of Justice James C. Nelson.

_____
                    Justice

Chief Justice Karla M. Gray, dissenting.

¶12 I dissent from the Court's unwillingness to answer the question which is again before us. We accepted the certified question from the United States Court of Appeals for the Ninth Circuit on March 21, 2007. We knew then—as we had known previously—that the question involved facial challenges to § 39-71-413, MCA, based on five separate provisions of the 1972 Montana Constitution.

¶13 Facial challenges, unlike as applied challenges, do not depend on the facts of a particular case. *See e.g. MEIC v. Dept. of Environmental Quality*, 1999 MT 248, ¶ 80, 296 Mont. 207, ¶ 80, 988 P.2d 1236, ¶ 80; *Associated Press, Inc. v. Department of Revenue*, 2000 MT 160, ¶¶ 27-28, 300 Mont. 233, ¶¶ 27-28, 4 P.3d 5, ¶¶ 27-28; *Roosevelt v. Montana Dept. of Revenue*, 1999 MT 30, ¶¶ 51-52, 293 Mont. 240, ¶¶ 51-52, 975 P.2d 295, ¶¶ 51-52. Having agreed to resolve the facial challenges presented, it is my view that we should do so without further delay.

¶14 Had this case been commenced and remained in Montana's state courts, rather than going to the federal courts on diversity grounds, this Court would be facing the same five facial challenges to the statute. There can be no doubt that we would not—indeed, we could not, given the extent of our jurisdiction—simply refuse to determine the facial challenges. It is totally beyond my ken that this Court—after a delay of 14 months and a significant outpouring of resources—now decides yet again that it will not decide the question.

6

¶15 The incident at issue in this case occurred in the summer of 2001. Nearly seven years later, it remains unresolved and goes back to the Ninth Circuit for yet more delay while that court resolves the question. The blame for much of the delay in this case falls squarely on this Court, and apologies cannot undo the damage. I concurred in our 2003 *Brady* decision to decline to resolve the question we had accepted which, as here, came after significant delay and cost to all concerned. I cannot in good conscience do so again.

¶16 Given the availability of diversity jurisdiction, one can only wonder how many questions of Montana constitutional law the federal courts will decide in the first instance after the Court's decision here. One can only wonder why this Court, so committed to Montana's constitution and the development of Montana constitutional law, today shies away from resolving facial challenges to a Montana statute under the 1972 Montana Constitution.

¶17 I dissent from the Court's opinion. Regardless of what the appropriate legal resolution would be, I would resolve the certified question.

Chief Justice

Justice John Warner dissents.

¶18 I agree with the dissent of Chief Justice Gray. There is no need for a further record at this stage of the proceedings—it is sufficient to determine the question of whether § 39-71-413, MCA, can withstand the facial constitutional challenges by plaintiff Brady.

¶19 Article II, Section 16 of the Montana Constitution states that there is an exception to the right to full legal redress for an injury that is covered by the Workmen's Compensation Laws. The legislature has provided the scope of such an exception in § 39-71-413, MCA. Brady makes facial challenges, not as applied challenges, to the statute and I would conclude that the statute passes constitutional muster. Therefore, I dissent from the decision of the Court not to answer the questions posed by the Ninth Circuit Court of Appeals.

_____
Justice

Justice Jim Rice joins in the foregoing dissent.

_____
Justice