**Michael BRADY; Joan Brady,**
**Plaintiffs–Appellants,**

v.

**PPL MONTANA, LLC, Defendant–**
**Appellee.**

No. 06–35007.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Submission vacated Feb. 14, 2007.

Resubmitted June 27, 2008.

A. Clifford Edwards, Roberta Anner–Hughes, Edwards, Tolstedt & Frickle, Billings, MT, for Plaintiffs–Appellants.

Carl P. Gilmore, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Seattle, WA, Robert L. Sterup, Holland & Hart, Billings, MT, for Defendant–Appellee.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS, District Judge.*

### MEMORANDUM **

In 2001, Michael Brady was injured on the job. He applied for and received workers' compensation. He also filed the tort action that is the subject of this suit against his employer. His wife, Joan Brady, joined the suit for her own damages as a result of her husband's injury. The Bradys argue that Montana Code Annotated § 39–71–413 as amended in 2001, limiting the tort liability of an employer who provides workers' compensation insurance to certain intentional conduct, on its face violates various provisions of the Montana Constitution. After the Supreme Court of Montana twice declined to address the constitutional question certified by the district court, the district court thoughtfully addressed the merits of the constitutional questions, rejected all of the Bradys' arguments, and granted summary judgment in favor of PPL Montana, LLC (PPL).

The Bradys appealed. On February 14, 2007, we certified the following dispositive question to the Montana Supreme Court:

Is Mont. Code Ann. § 39–71–413, as amended, unconstitutional under any of the following provisions of the constitution of the State of Montana: (i) prohibition of special privileges and immunities, art. II, § 31; (ii) right to pursue life's basic necessities, to seek safety, health, and happiness in all lawful ways, art. II, § 3; (iii) right to individual dignity and equal protection of the law, art. II, § 4;

(iv) prohibition of special legislation, art. V, § 12; and (v) right to due process, art. II, § 17?

*Brady v. PPL Montana, LLC,* 478 F.3d 1015, 1015 (9th Cir.2007). After initially accepting the certified question on March 21, 2007, and after ordering briefing and hearing oral argument, the Montana Supreme Court issued an opinion on May 20, 2008, declaring the certified question improvidently accepted and ordering the matter dismissed. *Brady v. PPL Montana, LLC,* 343 Mont. 405, 185 P.3d 330 (2008). Because the Montana Supreme Court has declined to address the novel question of state constitutional law, we must "exercise our own best judgment in determining how [Montana] would resolve the issue." *See Burns v. Int'l Ins. Co.,* 929 F.2d 1422, 1424 (9th Cir.1991).

The Bradys make two primary arguments. The first is that the amended statute eliminates an employer's vicarious liability, and, by doing so, violates the equal protection provision of Article II, section 4 of the Montana Constitution, as well as the constitutional prohibitions on privileges and immunities and special legislation in Article II, section 31 and Article V, section 12, respectively. They also argue that the statute deprives them of substantive due process in violation of Article II, section 17, and various fundamental rights in violation of Article II, sections 3 and 4, by providing an unduly narrow definition of "intentional" conduct exempted from the exclusive workers' compensation remedy, essentially eliminating the employer's tort liability completely. We review the district court's summary judgment decision de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). For the reasons set

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

forth below, we hold that Montana Code Annotated § 39–71–413 is facially constitutional and affirm the district court's order granting summary judgment in favor of PPL.

■ Section 39–71–413(2), which provides that "[a]n employer is not vicariously liable ... for the intentional and deliberate acts of an employee," is consistent with Montana law that an employer is not vicariously liable for its employee's conduct unless the employee's actions are "commanded or expressly authorized" by the employer. *See McGrew v. Consol. Freightways, Inc.*, 141 Mont. 324, 377 P.2d 350, 352 (1963) (quotation marks omitted); *Maguire v. State*, 254 Mont. 178, 835 P.2d 755, 758 (1992) (acknowledging that a employer is vicariously liable for an employee's conduct when the employee is acting in "furtherance of his employer's interest" or in "the course of his employment") (quoting *Kornec v. Mike Horse Mining*, 120 Mont. 1, 180 P.2d 252, 256 (1947)). Although the legislature did not explicitly provide in the statute that the employer remains vicariously liable for the intentional conduct of its employee that it authorizes, nothing in the statute diminishes or abrogates that common law principle. Interpreting the statute to preserve that standard is consistent with the requirement that all inferences be drawn in favor of the statute's constitutionality. *See Powder River County v. State*, 312 Mont. 198, 60 P.3d 357, 374 (2002).

Because an employer may still be held vicariously liable for the conduct of its employee that it authorized, the statute does not treat employees of large corporations and small businesses differently and the Bradys' equal protection argument must fail. *See Powell v. State Comp. Ins. Fund*, 302 Mont. 518, 15 P.3d 877, 883 (2000) (noting that a party's failure to demonstrate that a law or governmental action classifies persons and treats · them differently on the basis of that classification ends the equal protection analysis). For the same reason the Bradys' privileges and immunities and special legislation arguments also fail. *See Linder v. Smith*, 193 Mont. 20, 629 P.2d 1187, 1192–93 (1981) ("A law which operates in the same manner upon all persons in like circumstances is not 'special' in the constitutional sense.").[1]

In order for a statute to survive a substantive due process challenge, it must be "reasonably related to a permissible legislative objective." *Powell*, 15 P.3d at 884. The legislature has a demonstrated interest in preserving the quid pro quo animating the workers' compensation insurance system. *See Sitzman v. Schumaker*, 221 Mont. 304, 718 P.2d 657, 659 (1986). Its decision to act legislatively to limit *Sherner v. Conoco, Inc.*, 298 Mont. 401, 995 P.2d 990 (2000), by clarifying the statutory exception to the exclusive workers' compensation remedy is reasonably related to this goal. It is not arbitrary, especially considering that the Montana Constitution provides for no exception to the exclusive remedy. Mont. Const. art. II, § 16; *see* Mont. Code Ann. § 39–71–411. The Bradys' substantive due process claim must fail.

■ The Bradys also argue that the amended workers' compensation statute violates a number of their fundamental rights under Article II, sections 3 and 4 of

---

1. To the extent the Bradys argue that the statute is unconstitutional because it treats small business owners and large corporate employers differently, they lack standing because they do not fall into either class. *See*

*Jones v. Judge*, 176 Mont. 251, 577 P.2d 846, 847–48 (1978) ("[O]nly those who are adversely affected by a statute will be heard to question its validity.").

the Montana Constitution. At its core, the Bradys' argument is that the limitation on an employer's liability under the amended workers' compensation statute deprives them of the right to hold an employer accountable for its malicious conduct. However, there is "no fundamental right to any particular cause of action, remedy, or redress." *Francetich v. State Comp. Mut. Ins. Fund,* 252 Mont. 215, 827 P.2d 1279, 1283 (1992). Nor have the Bradys met their burden of demonstrating that any other fundamental right they list is affected by the limitation on the employer's tort liability. This is especially true given that the Montana legislature was not required to create any exception to the exclusivity of the workers' compensation remedy. *See Raisler v. Burlington N. R.R. Co.,* 219 Mont. 254, 717 P.2d 535, 540 (1985) (noting that "where an employer has provided workers' compensation coverage, an employee constitutionally may be deprived of full legal redress for injury against his employer, both directly and indirectly").

The Bradys have failed to demonstrate that the amended workers' compensation statute is unconstitutional beyond a reasonable doubt. *See Grooms v. Ponderosa Inn,* 283 Mont. 459, 942 P.2d 699, 703 (1997). The district court properly granted summary judgment.

AFFIRMED.