JUSTICE NELSON,
concurring.
¶31 I join the Court’s Opinion. Aside from the Court’s finely-tuned legal analysis, with which I agree, I suggest there is another fundamental point in this case that needs to be emphasized.
¶32 It needs no citation to authority that in the typical workers’ compensation case, the employer enjoys immunity from suit by the injured worker.[1] The “quid pro quo”for this immunity from suit is that the injured worker is entitled to receive benefits under the Workers’ Compensation Act (WCA), Title 39, chapter 71, MCA, without having to prove fault-and, theoretically at least, without (or with minimal assistance of) an attorney.
¶33 It makes obvious sense that the employer is required to cooperate with its WCA insurer to the limited extent of providing some basic background information regarding the injured worker and the claim. However, whether we presume-er not-that the WCA insurer’s approach will be to try to avoid entirely or to limit the payment of benefits to the injured worker, it is patently unfair for the WCA insurer to involve the employer in adjusting, mediating, and settling the injured worker’s claim.
¶34 When that happens, the employer gets the best of both worlds. Not only does the employer enjoy immunity from suit, the employer also gets to shoot down (or help shoot down) the injured worker’s claimJhereby preserving its (the employer’s) claims record for *311 premium determination purposes, not to mention its WCA insurer’s funds.
¶35 Concomitantly, the injured worker gets the worst of both worlds. The injured worker cannot sue the employer[2] because of statutory exclusivity; and the injured worker cannot obtain the benefits, or the full measure of benefits, to which he or she may well be entitled due to the employer’s poisoning the well.
¶36 The rule in Hernandez v. Natl. Union Fire Ins. Co., 2003 MTWCC 5, ¶ 1,2003 MT Wrk. Comp. LEXIS 4 (see Opinion, ¶ 13) is correct and ensures basic fairness and the viability of the quid pro quo. The employer must not be involved in adjusting, mediating, or settling the injured worker’s claim. The employer must not be involved in the sorts of decisions that would militate in favor of the employer’s being privy to materials, documents, and information protected by the attorney-client privilege between the employer’s WCA insurer and its counsel. In short, if the quid pro quo is to remain a viable concept, the employer cannot be part of the “magic circle,” the “community of interest,” or whatever one wants to call it.
¶37 I concur in the Court’s well-reasoned Opinion.

 One could say that in every workers’ compensation case, the employer is immune from suit given that the “exclusivity” statutes, §§39-71-411 and -413, MCA, effectively make it impossible for the employee to ever sue the employer for injury in the workplace. See Wise v. CNH Am., LLC, 2006 MT 194, ¶¶ 14-18, 333 Mont. 181, 142 P.3d 774 (Nelson, J., concurring).

 Of course, as here, the injured worker can sue the employer’s WCA insurer for bad faith and UTPA violations.